ANTONIOS KAPSOURIS, Plaintiff-Appellant, v. DIANE RIVERA, Defendant-Appellee.

Second District    No. 2—00—0411

Opinion filed April 5, 2001.

Robert T. Edens, of Lake Villa, for appellant.

Keely Truax, of Parrillo, Weiss & O'Halloran, of Chicago, for appellee.

JUSTICE RAPP delivered the opinion of the court:

Plaintiff, Antonios Kapsouris, was a passenger in a vehicle that was rear-ended by a vehicle driven by defendant, Diane Rivera. Plaintiff filed a complaint against defendant stating a cause of action for injuries plaintiff sustained in the accident. The case was tried before a jury in the circuit court of Du Page County. The jury found for defendant and against plaintiff. The trial court entered judgment on the verdict. On appeal, plaintiff contends that (1) the trial court erred in engaging in *ex parte* communications with defense counsel; (2) the trial court erred in barring opinion testimony; (3) the trial court erred when it failed to compel the production of photographs; and (4) the trial court erred in denying plaintiff's posttrial motion. We affirm.

In the complaint, plaintiff alleged that on February 11, 1998, he was a passenger in an automobile that was struck from behind. The complaint alleged that the accident was the result of defendant's negligence and that plaintiff received injuries from the accident. In a Supreme Court Rule 222 (166 Ill. 2d R. 222) affidavit that was filed with the complaint, plaintiff stated that the money damages sought did not exceed $50,000.

Defendant filed an answer to the complaint and a proof of service of Supreme Court Rule 213 (166 Ill. 2d R. 213) interrogatories upon plaintiff's counsel. Thereafter, the trial court set the matter for an arbitration hearing pursuant to the mandatory arbitration system (735 ILCS 5/2—1001A *et seq.* (West 1998)).

On April 20, 1999, plaintiff filed a notice of the documents he intended to offer at the arbitration hearing accompanied by a copy of those documents pursuant to Supreme Court Rule 90(c) (166 Ill. 2d R. 90(c)). Among those documents were Dr. Oleh S. Palay's reports and bills. On May 7, 1999, plaintiff filed a certificate of service verifying service of "Plaintiff's response to [Defendant's] Interrogatories" and "Plaintiff's Response to [Defendant's] Document Request."

Both parties appeared at the arbitration hearing with counsel. The arbitrators rendered an award in favor of plaintiff and against defendant in the amount of $3,235.68. Thereafter, plaintiff filed a notice of rejection of the arbitration award, and the matter was set for trial.

On October 15, 1999, plaintiff was granted leave to file his Rule 222 disclosure statement and amended Rule 222 disclosure statement. In the amended Rule 222 disclosure statement, plaintiff disclosed Oleh S. Palay, M.D., and Ralph DeStepheno, D.C., as opinion witnesses. According to the amended disclosure, Dr. Palay would testify that plaintiff suffered posttraumatic cervical sprain/strain; posttraumatic lumbosacral sprain/strain; posttraumatic cervicotrapezius and lumbar myofascitis; and posttraumatic cephalgia, resolved. Dr. Palay's reports and bills were previously provided to defendant in the Rule 90(c) notice. Dr. DeStepheno would concur with the findings of Dr. Palay.

On November 1, 1999, the trial court granted plaintiff leave to file a second amended Rule 222 disclosure. The second amended disclosure statement added Robert Kempf, M.D., as an opinion witness. According to the second amended disclosure, defendant had previously been provided with the report of Dr. Kempf containing his conclusions.

The case proceeded to trial on December 6, 1999. Defense counsel brought a series of oral motions *in limine*, the last of which requested the exclusion of the opinions of opinion witnesses not disclosed in plaintiff's answer to Rule 213(g) interrogatories. Plaintiff's counsel responded by indicating to the court that he had made full disclosure of all opinion witnesses in the Rule 222 disclosures. Next, the following exchange took place:

"[DEFENSE COUNSEL]: Your honor, I believe 222's do not negate 213's having to properly be answered.

THE COURT: She's right. Can you tell me, show me any law that says she's not right?

[PLAINTIFF'S COUNSEL]: Not off the top of my head, your Honor, no.

THE COURT: I will reserve it until 1:30 and you can go check your cases, but—

[PLAINTIFF'S COUNSEL]: Then I would ask for leave of Court to file amended 213's.

THE COURT: I can't do that."

The court granted defendant's motion *in limine* and excluded any opinion testimony by plaintiff's experts. In granting the motion, the trial court referred to *Department of Transportation v. Crull*, 294 Ill. App. 3d 531 (1998), and stated, "Counsels, I know the Kral [*sic*] opinion. The Kral [*sic*] opinion is if it's not in the 213's, it's out."

During plaintiff's case, plaintiff, the Glendale Heights police officer who responded to the accident, the driver of the rear-ended vehicle, the other passenger in the rear-ended vehicle, and Ralph DeStepheno, D.C., testified. Dr. DeStepheno's testimony was limited to the chiropractic treatment he administered to plaintiff because his opinion as to the injuries plaintiff sustained in the accident was excluded. Dr. DeStepheno testified that he treated plaintiff's neck and lower back pain with treatments including electrical stimulation, cryotherapy, ultrasound, and traction. Dr. DeStepheno also testified that the total bill for his services was $2,926.

Defendant was the only witness presented by the defense. Defendant did not deny striking the vehicle in which plaintiff was a passenger. Defendant testified that it was raining the night of the accident. Defendant claimed that the vehicle in which plaintiff was a passenger came to a sudden stop in front of her vehicle without signaling. Defendant said she was going about 20 miles per hour when she applied her breaks and her vehicle slid into the rear of the other vehicle.

The jury returned a verdict for defendant and against plaintiff. Plaintiff's posttrial motion was denied. Plaintiff timely appeals.

Plaintiff's first argument on appeal is that the trial court committed reversible error when it engaged in *ex parte* communications with defense counsel concerning settlement without plaintiff's consent. Defendant argues that the report of proceedings does not show that any *ex parte* communications took place; plaintiff waived the issue because he did not object to the procedure at trial; and, if such communications took place, they were with plaintiff's consent.

■ Supreme Court Rule 63 prohibits *ex parte* communications with the trial court concerning a pending matter. See 155 Ill. 2d R. 63(A)(4). However, "[a] judge may, with consent of the parties, confer separately with the parties and their lawyers in an effort to mediate or settle matters pending before the judge." 155 Ill. 2d R. 63(A)(4)(c).

■ We note that in defendant's response to plaintiff's posttrial motion defendant admitted that *ex parte* communications occurred but argued that they were with both parties' consent. The *ex parte* settlement communications were held off the record, and therefore, we cannot determine whether they were with plaintiff's consent. It is clear, however, that plaintiff first alleged in his posttrial motion that the *ex parte* settlement communications were without his consent. Errors raised for the first time in a posttrial motion that were not objected to at the time of the purported errors are waived on appeal. *Palanti v. Dillon Enterprises, Ltd.*, 303 Ill. App. 3d 58, 64 (1999). Had plaintiff made his objection on the record at his first opportunity after the *ex*

*parte* communications, the trial court could have ruled on the objection and we would not be in the dark on this issue.

Moreover, in addition to plaintiff's failure to object on the record, any light that was shed on this issue at the hearing on plaintiff's posttrial motion is of no help to us because the record on appeal includes only the order denying plaintiff's posttrial motion and not a report of the proceedings concerning that motion. An appellant has the burden to present a sufficiently complete record of the proceedings at trial so that the reviewing court will be fully informed regarding the issues in the case, and, in the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with the law and had a sufficient factual basis. *Belfour v. Schaumburg Auto*, 306 Ill. App. 3d 234, 244 (1999). Doubts that arise from the incompleteness of the record will be resolved against the appellant. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 392 (1984).

If the plaintiff did consent to the *ex parte* communications in an effort to settle this case, the trial court erred in failing to make a record of that consent. If, on the other hand, plaintiff did not consent to *ex parte* communications, it was improper for the trial court to permit such communications. In any event, plaintiff does not claim harm or prejudice as a result of the *ex parte* communications, and we find none.

Next, plaintiff contends that the trial court erred in excluding opinion testimony not previously disclosed in plaintiff's answers to Rule 213(g) interrogatories because the opinion witnesses and their opinions had been disclosed in Rule 222 disclosures. In response, defendant emphasizes the Rule 213(g) interrogatory she served on plaintiff and argues that, since defendant did not disclose the required information pursuant to Rule 213(g), the trial court was correct in excluding the opinion testimony. Defendant further argues that plaintiff's Rule 222 disclosures were not adequate substitutes for answers to Rule 213(g) interrogatories.

■ The standard of review of decisions imposing sanctions for the violation of discovery rules is whether the trial court abused its discretion. *People v. Schambow*, 305 Ill. App. 3d 763, 766 (1999). The purpose of such sanctions is not to punish but to insure fair discovery and a trial on the merits. *Vallajo v. Mercado*, 220 Ill. App. 3d 1, 8 (1991).

■ Supreme Court Rule 222 is titled "Limited and Simplified Discovery in Certain Cases." 166 Ill. 2d R. 222. Subsection (a) deals with the applicability of the rule and provides in pertinent part as follows:

> "(a) Applicability. This rule applies to all cases subject to mandatory arbitration, civil actions seeking money damages not in excess

of $50,000 exclusive of interest and costs, and to cases for the collection of taxes not in excess of $50,000." 166 Ill. 2d R. 222(a).

Rule 222 sets forth reforms in the discovery process in the cases it applies to by imposing mandatory disclosure and putting limits on the discovery process. 166 Ill. 2d R. 222, Committee Comments, at cxix. The rule is triggered by the filing of an "Affidavit re Damages Sought" as set forth in paragraph (b) of the rule. 166 Ill. 2d R. 222(b), Committee Comments, at cxix.

Rule 222 is applicable in this case because money damages sought are less than $50,000 and also because this is a case subject to mandatory arbitration. Plaintiff filed the affidavit regarding damages sought, but then Rule 222 was largely abandoned. Our review of the record reveals that neither party made a timely Rule 222 disclosure, and defendant never made one at all. We also note that discovery was not completed prior to the arbitration hearing as is required by Supreme Court Rule 89. 166 Ill. 2d R. 89.

In any event, the issue we are presented with is whether the disclosure of opinion witnesses in response to a Rule 213(g) interrogatory is required where the same disclosure is made pursuant to Rule 222. For the reasons that follow, we hold that it is not.

■ Rule 222 governs discovery in all cases to which it applies. Accordingly, in such cases, opinion witnesses must be disclosed pursuant to the mandatory disclosure of Rule 222 and not Rule 213(g). Rule 222(a) states, "Except as otherwise specifically provided by this rule, the general rules governing discovery procedures remain applicable to cases governed by this rule." 166 Ill. 2d R. 222(a). The procedure and scope of the disclosure of opinion witnesses are clearly two of the items specifically provided for by Rule 222 (see 166 Ill. 2d R. 222(d)(6)); therefore, the disclosure of opinion witnesses in cases that fall within Rule 222 is governed by Rule 222. Whether a Rule 213(g) interrogatory requesting the disclosure of opinion witnesses is answered is of no consequence in cases to which Rule 222 applies as long as Rule 222 is complied with. Accordingly, plaintiff's Rule 222 disclosures were sufficient in this case; and the opinion testimony should not have been excluded based on plaintiff's failure to comply with Rule 213(g) interrogatories.

The trial court made a comment that seems to suggest that the discovery procedures of Rule 222 are applicable only up to the arbitration hearing and not beyond. The record shows the following exchange:

"[PLAINTIFF'S COUNSEL]: And I agree there is a reason for Rule 222, is there not, and this is a small case.

THE COURT: Makes no difference. You are at trial now and that's why the 222's don't [inaudible]."

This is clearly incorrect because Rule 222 applies to cases other than those subject to mandatory arbitration. In fact, mandatory arbitration does not exist in every county of this state, but Rule 222 is still applicable to cases where money damages sought do not exceed $50,000. Therefore, Rule 222 must govern the discovery procedures to which it speaks throughout the entire case to which it applies.

We are aware that, with respect to opinion witnesses, the information required to be disclosed is the same under either rule. Supreme Court Rule 222(d) provides in pertinent part:

"(d) Prompt Disclosure of information. Within the times set forth in section (c) above, each party shall disclose in writing to every other party:

\* \* \*

(6) The names, addresses, and telephone numbers of each person whom the disclosing party expects to call as an opinion witness at trial, the subject matter on which the opinion witness is expected to testify, the conclusions and opinions of the opinion witness and the bases therefor, the qualifications of the opinion witness, and copies of any reports prepared by the opinion witness." 166 Ill. 2d R. 222(d).

Supreme Court Rule 213(g) provides in pertinent part:

"(g) Opinion Witnesses. An opinion witness is a person who will offer any opinion testimony. Upon written interrogatory, the party must state:

(i) the subject matter on which the opinion witness is expected to testify;

(ii) the conclusions and opinions of the opinion witness and the bases therefor; and

(iii) the qualifications of the opinion witness;

and provide all reports of the opinion witness." 166 Ill. 2d R. 213(g).

The only difference is that under Rule 222 the parties must make the disclosure within 120 days after the filing of a responsive pleading. See 166 Ill. 2d R. 222(d). Under Rule 213(g) the disclosure is required only upon written interrogatory. See 166 Ill. 2d R. 213(g).

Because the information disclosed is the same under either rule, it made little difference in this case whether plaintiff's opinion witnesses were disclosed in a document called "Answer to Defendant's Rule 213 Interrogatories" or in one titled "Rule 222 Disclosure." We note that the Third District has held that the trial court did not err in allowing expert testimony where, although not disclosed under former Supreme Court Rule 220 (134 Ill. 2d R. 220), the expert's opinions were disclosed in depositions and therefore there was no surprise. *Bloomquist v. Ely*, 247 Ill. App. 3d 656, 664-65 (1993).

Defendant cites *Parker v. Illinois Masonic Warren Barr Pavilion*,

299 Ill. App. 3d 495 (1998), in support of her argument that the nondisclosure of opinion witnesses and their opinions pursuant to Rule 213(g) requires the exclusion of the opinion testimony. While *Parker* is good authority for the point of law that an expert's direct testimony is limited to facts and opinions disclosed in discovery (*Parker*, 299 Ill. App. 3d at 501), there was no Rule 222 disclosure made in *Parker*. Further, defendant cites no authority for her argument that plaintiff's Rule 222 disclosures were not adequate substitutes for answers to Rule 213(g) interrogatories.

Similarly, the *Crull* case, mentioned by the trial court, is not on point. In *Crull*, the Fourth District held that the trial court abused its discretion by allowing an opinion witness to testify regarding previously undisclosed opinions. *Crull*, 294 Ill. App. 3d at 537. Compliance with Rule 213(g) was at issue in *Crull*, not whether a Rule 222 disclosure is sufficient without a Rule 213(g) disclosure in cases falling under Rule 222.

Accordingly, we hold that the trial court abused its discretion in finding a discovery violation and sanctioning plaintiff with the exclusion of opinion testimony.

■ Having held that the trial court erred in excluding opinion testimony, we must decide whether plaintiff suffered prejudice due to this error and is therefore entitled to a new trial. The appellate court may consider errors in the exclusion of evidence and grant a new trial where the error was serious and prejudicial. *Lagestee v. Days Inn Management Co.*, 303 Ill. App. 3d 935, 942 (1999).

■ To recover damages for defendant's alleged negligence, plaintiff had to prove that defendant owed a duty to plaintiff, that defendant breached that duty, and that the breach of duty was the proximate cause of the plaintiff's injuries. *First Springfield Bank & Trust v. Galman*, 188 Ill. 2d 252, 256 (1999). In this case there were no special interrogatories submitted to the jury; it simply found for defendant and against plaintiff. When a jury enters a general verdict for defendant, we do not know the basis for that verdict. *Maple v. Gustafson*, 151 Ill. 2d 445, 454 (1992).

Even though the trial court excluded opinion testimony as to plaintiff's injuries, plaintiff did present uncontroverted evidence of damages from his injuries. The jury heard evidence that plaintiff suffered from neck and lower back pain, that he received a bump on his head and on his knee, and that he was taken to the hospital by ambulance where he had X rays. The parties stipulated to the amount of the hospital's bill. The jury also heard that plaintiff incurred $2,926 in chiropractic bills as a result of treatment for his pain. Yet the jury assessed no damages.

■ The jury here could well have found (1) that defendant was not negligent (*i.e.*, owed no duty or owed a duty but did not breach it), or (2) that defendant's negligence was not the proximate cause of plaintiff's injuries. Under theses circumstances, it made no difference whether the jury heard evidence concerning the extent of plaintiff's injuries. Questions of negligence, breach of duty, and proximate cause are preeminently questions of fact to be determined by the jury and can be set aside only when a reviewing court is clearly satisfied that the verdict is unwarranted by the evidence. *Zelinski v. Security Lumber Co.*, 133 Ill. App. 3d 927, 932 (1985). When credible evidence supports a verdict, a reviewing court will not set that verdict aside merely because reasonable conclusions other than the ones drawn by the jury exist. *Yowell v. Ringer*, 217 Ill. App. 3d 353, 362 (1991). Accordingly, we hold that the trial court's error was harmless because the plaintiff has not shown how the outcome would have been different had the jury heard opinion testimony as to the extent of plaintiff's injuries.

■ Plaintiff also argues that the trial court erred when it failed to compel the production of certain photographs of the vehicles involved in the accident and when it failed to issue a rule to show cause against the insurance company. The record indicates that plaintiff withdrew his petition for a rule to show cause. We hold that plaintiff waived the argument concerning the motion to compel the photographs when he stipulated to the extent of damage to the vehicle that was rear-ended.

■ Plaintiff's last argument on appeal is that the trial court erred in denying his motion for judgment *n.o.v.* Plaintiff contends that defendant's liability is clear, as defendant struck in the rear the vehicle in which plaintiff was a passenger; there was no indication that the accident was not defendant's fault; and plaintiff presented evidence of his damage due to injuries incurred as a result of the accident. Accordingly, plaintiff contends that the only issue for the jury was the amount of damages that resulted from the accident and that the case should be remanded for the entry of a judgment for plaintiff in an amount consistent with the proof at trial. We disagree.

A judgment *n.o.v.* is properly entered only in cases where the evidence, viewed in a light most favorable to the opponent, so overwhelmingly favors the movant that no contrary verdict based on that evidence could ever stand. *Pasquale v. Speed Products Engineering*, 166 Ill. 2d 337, 351 (1995). The court cannot enter a judgment *n.o.v.* if there is any evidence, together with reasonable inferences to be drawn therefrom, that demonstrates a substantial factual dispute or where the assessment of the credibility of the witnesses or the determination regarding conflicting evidence is decisive to the outcome. *Maple*, 151 Ill. 2d at 454.

As stated above, in this case the evidence presents a question for the jury as to whether defendant was negligent or the proximate cause of plaintiff's injuries. The fact that a rear-end collision occurs does not automatically establish the liability of the driver of the rear vehicle. *Thomas v. Northington*, 134 Ill. App. 3d 141, 145 (1985). In a rear-end collision automobile accident case, it is the responsibility of the trier of fact to determine whether the rear driver was acting reasonably under the circumstances or that the accident was unavoidable. See *Casey v. Pohlman*, 198 Ill. App. 3d 503, 508 (1990) (and cases cited therein). The evidence, viewed in a light most favorable to defendant, shows that defendant was driving 20 miles per hour, at night and in the rain, when the vehicle carrying plaintiff suddenly stopped in front of her without signaling. At that point, according to defendant, she applied her brakes and slid into the rear end of the vehicle.

We cannot say that reasonable inferences drawn from the evidence presented at trial so overwhelmingly favor plaintiff that no contrary verdict could ever stand. Moreover, plaintiff cites no authority for and we find no merit in the assertion that the jury could not conclude that the negligence of the driver of the vehicle carrying plaintiff proximately caused plaintiff's injuries simply because there was no claim made against that driver. Accordingly, plaintiff's motion for judgment *n.o.v.* was properly denied.

For the foregoing reasons, the judgment of the circuit court of Du-Page County is affirmed.

Affirmed.

BOWMAN and BYRNE, JJ., concur.