Fourth Division
November 29, 2007

No. 1-06-2371

| | | |
|---|---|---|
| FRITZ REDELMANN, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County |
| | ) | |
| v. | ) | |
| | ) | |
| K.A. STEEL CHEMICALS, INC., PVS CHEMICALS (ILLINOIS), | ) | |
| INC., and VELISCOL CHEMICAL CORP., | ) | |
| | ) | |
| Defendants-Appellees | ) | |
| | ) | |
| | ) | |
| (Alexander Chemical Corporation, The Butcher Company, Inc., | ) | |
| Cardinal Chemical Corporation, Clorox Products Manufacturing | ) | |
| Company, C.P. Sales Company, NYCO Products Company, | ) | |
| Olin Corporation, PPG Industries, Inc., Rexford Rand Corporation, | ) | No. 98 L 11350 |
| Stevens Chemical Company, Sunnyside Corporation, S.C. Johnson | ) | |
| and Son, Inc., S.C. Johnson Commercial Markets, Inc., West | ) | |
| Sanitation Services, Inc., Hysan Corporation, Wepak Corporation, | ) | |
| Canberra Corporation, Rowell Chemical Corporation, Seeler | ) | |
| Industries, Inc., Atochem North America, Inc., BASF Wyandotte | ) | |
| Corporation, Select Specialty Sales, L.L.C., Phibro Chemicals, | ) | |
| Inc., Claire, Inc., and Chemical Packaging Corporation, | ) | Honorable |
| | ) | Jennifer Duncan-Brice, |
| Defendants). | ) | Judge Presiding. |

PRESIDING JUSTICE NEVILLE delivered the opinion of the court:

The plaintiff, Fritz Redelmann, filed a complaint against the defendants, K.A. Steel Chemicals,

Inc. (K.A. Steel), PVS Chemicals (Illinois), Inc. (PVS), Veliscol Chemical Corp. (Veliscol), and other

defendants not parties to this appeal, based on negligence and product liability. In the complaint,

Redelmann alleged that he was injured when he was exposed to hydrochloric acid (HCL) and other

chemicals while working as a custodian, maintenance and repair worker. On May 5, 2006, the trial

court granted K.A. Steel, PVS, and Veliscol's motion to dismiss the plaintiff's eighth amended complaint based on (1) the trial court's inherent authority; (2) Supreme Court Rule 219(c) (166 Ill. 2d R. 219(c)); and (3) the doctrine of *laches*. On June 5, 2006, the plaintiff filed a motion for rehearing, for reconsideration and to vacate the trial court's May 5, 2006, order which the trial court denied on July 21, 2006. On appeal, plaintiff argues that the trial court and defense counsel committed misconduct that requires this court to vacate the May 5, 2006, order. For the reasons that follow, we affirm.

Background Facts

Redelmann was employed from May 1990 through May 1998 as a custodian, maintenance and repair worker with the Rolling Meadows Park District (Park District). In October 1998, plaintiff filed his initial complaint for injuries he allegedly sustained because of exposure to chemical products during his employment. Redelmann's theory of liability was based on his claim that, as a maintenance worker, he was repetitively exposed to hydrochloric acid and other chemicals while cleaning floors, repairing swimming pool equipment and performing other jobs which caused him to develop conditions including but not limited to neurobehavioral dysfunction, degenerative brain disease, and lung damage.

The eighth amended complaint was filed on June 12, 2003, and contains a separate count of negligence and a count of product liability against Veliscol, PVS and K.A. Steel, each a distributor of HCL.

On July 1, 2003, Veliscol served a bill of particulars on the plaintiff. Veliscol demanded, in pertinent part, that the plaintiff provide particularized information to identify when, where and how

the plaintiff was exposed to a product manufactured and sold by Veliscol.

On July 24, 2003, K.A. Steel filed a bill of particulars that demanded, in pertinent part, that the plaintiff specify the date and manner in which K.A. Steel sold HCL to resellers and end users and the Park District for use by the plaintiff and other employees. K.A. Steel also demanded that the plaintiff specify facts as to the date and manner that he was overexposed to HCL, sodium hydroxide and sodium hypochlorite. K.A. Steel further claimed in its bill of particulars that the negligence and product liability counts against it in the eighth amended complaint were so wanting in detail that K.A. Steel was unable to respond.

On July 10, 2003, PVS filed a bill of particulars and served it on the plaintiff. Because PVS claimed in its bill of particulars that the negligence and product liability counts directed at it in the eighth amended complaint are so wanting in detail that it could not respond to the complaint, PVS demanded that the "plaintiff identify the date and manner in which PVS Chemicals manufactured, distributed and sold HCL, sodium hydroxide and sodium hypochlorite to the Rolling Meadows Park District."

On October 23, 2003, K.A. Steel filed a motion styled "K.A. Steel Chemicals, Inc.'s motion to strike plaintiff's objections and plaintiff's motion to strike K.A. Steel Chemicals, Inc.'s demand for bill of particulars and K.A. Steel Chemicals, Inc.'s motion to compel plaintiff to respond to K.A. Steel Chemicals, Inc.'s bill of particulars."

On November 14, 2003, the plaintiff filed and served a bill of particulars on Veliscol. On November 17, 2003, the plaintiff filed and served a bill of particulars on K.A. Steel and PVS. According to the trial court, "plaintiff's bill of particulars consisted of one paragraph wherein plaintiff

incorporated and re-alleged certain paragraphs of the testimony of Peter R. Roy contained in the plaintiff's amended answers to Rule 213(f)(3) interrogatories filed on November 17, 2003." Plaintiff also responded to both the bills of particulars and motions filed by K.A. Steel, PVS, and Veliscol that, when he filed his appeal on October 17, 2002,[1] and his interlocutory appeal on January 9, 2004,[2] jurisdiction transferred to this court and was divested from the trial court.

On December 23, 2003, PVS filed a motion to strike the plaintiff's bill of particulars and to have the trial court dismiss the eighth amended complaint. PVS acknowledged that the plaintiff had accused it of selling HCL and other sodium compounds to companies alleged in the wholesale and retail chain between it and the plaintiff. However, PVS sought dismissal because the "plaintiff fail[ed] to identify the dates or months or years this wrongful conduct of distribution took place to particular entities."

On February 6, 2004, the trial court struck the counts of the eighth amended complaint that alleged negligence and product liability against Veliscol based upon inadequate answers to Veliscol's bill of particulars. The trial court found that the plaintiff's response to Veliscol's bill of particulars was "wholly inadequate and improper as it does not provide Veliscol with the particularized information requested." Therefore, the trial court granted Veliscol's motion to dismiss the allegations in the eighth amended complaint against the corporation. As to the argument that the trial court

---

[1] Redelmann v. Claire-Sprayway, Inc., No. 1-02-3220 (2007) was affirmed by this court on August 16, 2007.

[2] Redelmann v. Alexander Chemical Corporation, No. 1-04-2108 (2004) (unpublished order under Supreme Court Rule 23), was dismissed by this court on February 26, 2004.

lacked jurisdiction to enter the February 6, 2004 order, the trial court found in its order that the information sought in Veliscol's bill of particulars had nothing to do with the conspiracy claims alleged by the plaintiff that were the subject of another appeal in this court. See Redelmann v. Claire-Sprayway, No. 1-02-3220 (August 16, 2007). Accordingly, the trial court found that it had jurisdiction to rule on a motion that had nothing to do with the subject of any of the plaintiff's other appeals.

On March 5, 2004, the trial court struck the counts of the eighth amended complaint that alleged negligence and product liability directed against PVS and K.A. Steel based upon the plaintiff's failure to answer their respective bills of particulars. As to the argument that the trial court lacked jurisdiction to enter the March 5, 2004, order, the trial court found in its order that the information sought in Veliscol's bill of particulars had nothing to do with the arguments that were the subject of the plaintiff's interlocutory appeal filed on January 9, 2004, and subsequently dismissed by this court on February 26, 2004. See Redelmann v. Alexander Chemical Corp., No. 1-04-2108 (2004)(unpublished order under Supreme Court Rule 23). Accordingly, the trial court found that it had jurisdiction to rule on a motion that did not raise issues that were being reviewed in plaintiff's other appeals.

The plaintiff thereafter filed a motion styled plaintiff's motion for rehearing, for reconsideration, and to vacate the order entered on March 5, 2004. The trial court denied the motion for rehearing, for reconsideration, and to vacate the order entered on March 5, 2004, in an order that included language that there exists no just cause to delay enforcement of or appeal from that order. 155 Ill. 2d R. 304(a).

On April 26, 2006, two years following the entry of the February 6, 2004, order and the March 5, 2004, order regarding the bills of particulars and during which time the plaintiff stood on his pleadings, K.A. Steel, PVS, and Veliscol filed a joint Rule 219(c) motion to dismiss based upon the trial court's inherent authority to control its docket and the doctrine of *laches*.

On May 5, 2006, the trial court granted K.A. Steel, PVS, and Veliscol's Rule 219(c) motion to dismiss. The plaintiff did not appear for the hearing on the defendants' motion to dismiss and did not respond in writing. On July 21, 2006, the trial court denied a motion for reconsideration, for rehearing and to vacate the May 5, 2006, order.

ANALYSIS

Plaintiff argues that no grounds exist for the imposition of sanctions pursuant to the supreme court rules or for a finding of *laches*. Plaintiff argues that the defendants told falsehoods in open court and that he was not responsible for any delays in the case. Plaintiff also argues that the delay in this case was caused by the wrongful dismissal of his claims in orders entered on October 24, 2003 and November 21, 2003, and the necessity of bringing the instant appeal.

Defendants initially argue that the plaintiff has waived all of the arguments in this appeal by having failed to raise them in the trial and appellate courts for the following reasons: (1) the plaintiff failed to oppose the defendants' motion to dismiss either orally or in writing; (2) the plaintiff has failed to attach any record of the proceedings before the trial court on May 5, 2006; and (3) the plaintiff's brief failed to argue how the law or facts were improperly decided by the trial court on May 5, 2006.

Defendants also argue that, waiver notwithstanding, the trial court was correct because the

plaintiff has shown no evidence that the trial court abused its discretion. According to the defendants, the trial court dismissed the plaintiff's case based upon (1) the trial court's inherent authority to control its own docket; (2) the application of Rule 219(c) (166 Ill. 2d R. 219(c)); and (3) the application of the doctrine of *laches*. Defendants argue that the plaintiff has repeatedly failed to comply with the trial court's orders and did nothing between 2004 and 2006 to prosecute his claims directed against these defendants.

Waiver

It is well settled that an issue is waived on appeal unless a party makes an objection at the time of a purported error and specifically raises the issue in a written posttrial motion. Kapsouris v. Rivera, 319 Ill. App. 3d 844, 848 (2001). Therefore, the failure to have opposed the motion to dismiss either orally or in writing results in a forfeiture of that issue by waiver. Kapsouris, 319 Ill. App. 3d at 848. Accordingly, the plaintiff has waived consideration of the argument that the trial court erred when it granted the defendants' motion to dismiss the eighth amended complaint.

However, it is equally well settled that the waiver rule is an admonition to the parties and provides no limitation on this court's jurisdiction. Illinois State Chamber of Commerce v. Filan, 216 Ill. 2d 653, 664 (2005); see also In re W.C., 167 Ill. 2d 307, 323 (1995). "A reviewing court may, in furtherance of its responsibility to provide a just result and to maintain a sound and uniform body of precedent, override considerations of waiver that stem from the adversarial nature of our system." Filan, 216 Ill. 2d at 664; see also Dillon v. Evanston Hospital, 199 Ill. 2d 483, 504-05 (2002). Accordingly, because of the necessity of addressing the merits of the issue of whether the trial court erred when it dismissed the plaintiff's eighth amended complaint based upon (1) the trial court's

inherent authority to control its own docket, (2) the application of Rule 219(c) (166 Ill. 2d R. 219(c)), and (3) the application of the doctrine of *laches*, we decline to find waiver. Filan, 216 Ill. 2d at 664; see also Central Illinois Light Co. v. Home Insurance Co., 213 Ill. 2d 141, 152 (2004).

### Standard of Review

As previously indicated, the trial court granted the defendants' motion to dismiss the eighth amended complaint based upon (1) the trial court's inherent authority, (2) Rule 219(c), and (3) the doctrine of *laches*. "Under Supreme Court Rule 219(c), a trial court may impose sanctions upon any party who unreasonably fails to comply with supreme court rules governing discovery or any court order entered pursuant to those rules." Stringer v. Packaging Corp. of America, 351 Ill. App. 3d 1135, 1138 (2004), citing 166 Ill. 2d R. 219(c), and Shimanovsky v. General Motors Corp., 181 Ill. 2d 112, 120 (1998). Trial courts have discretion to impose sanctions pursuant to Rule 219(c) which will not be reversed absent an abuse of discretion. Stringer, 351 Ill. App. 3d at 1138, citing Shimanovsky, 181 Ill. 2d at 120.

### Pretrial Discovery

It is well established that trial courts have wide discretionary powers in matters of pretrial discovery. Gonzalez v. Nissan North America, Inc., 369 Ill. App. 3d 460, 464 (2006), quoting Nehring v. First National Bank in DeKalb, 143 Ill. App. 3d 791, 796-97 (1986). It is equally well-established that trial courts possess the inherent authority to control their docket. Patel v. Illinois State Medical Society, 298 Ill. App. 3d 356, 366-67 (1998), citing Sander v. Dow Chemical Co., 166 Ill. 2d 48, 61-63, 65-67 (1995). It is equally well established that "[t]rial courts possess the inherent authority to enter sanctions for a party's failure to obey valid orders." Smith v. City of Chicago, 299

Ill. App. 3d 1048, 1054 (1998), citing Fair Automotive Repair, Inc. v. Car-X Service Systems, Inc., 128 Ill. App. 3d 763, 772 (1984). So long as there is sanctionable conduct, even without having violated a specific court order, a party who fails to comply with the supreme court rules regarding (1) discovery, (2) requests for admissions, and (3) pretrial procedure may be subject to sanctions that are as severe as dismissal. Patel, 298 Ill. App. 3d at 367, citing 166 Ill.2d R. 219(c)(v), and Sander, 166 Ill. 2d at 67.

In this case, K.A. Steel, PVS and Veliscol each challenged the sufficiency of the allegations of the eighth amended complaint in a bill of particulars that claimed that the plaintiff's complaint failed to identify the date and manner in which they manufactured or sold a product containing either HCL, sodium hydroxide or sodium hypochlorite that was sold to the Park District that resulted in the plaintiff's injuries. Rather than respond directly and provide the defendants with the information sought in the bills of particulars, namely, where, when and how the plaintiff was exposed to HCL, sodium hydroxide or sodium hypochlorite, the plaintiff responded in a conclusory fashion that injuries occurred because K.A. Steel, PVS and Veliscol each provided HCL, sodium hydroxide or sodium hypochlorite.

The trial court entered an order on May 5, 2006, that referred to the plaintiff's "deliberate and continuing disregard of the court's authority" and dismissed the plaintiff's eighth amended complaint against K.A. Steel, PVS and Veliscol. The trial court also entered an order on July 21, 2006, that denied the plaintiff's motion to reconsider the May 5, 2006, order in its entirety.

We note that the plaintiff failed to provide the reports of proceedings for the hearings held on May 5, 2006 and July 21, 2006. Plaintiff's failure to provide the reports of proceedings is fatal

to the plaintiff's claim because "to support a claim of error, the appellant has the burden to present a sufficiently complete record." Corral v. Mervis Industries, Inc., 217 Ill. 2d 144, 156 (2005), citing Webster v. Hartman, 195 Ill.2d 426, 432 (2001), citing Foutch v. O'Bryant, 99 Ill.2d 389, 391-92 (1984). " 'Any doubts which may arise from the incompleteness of the record will be resolved against the appellant.' " Corral, 217 Ill. 2d at 157, quoting Foutch, 99 Ill. 2d at 392; see also Webster, 195 Ill. 2d at 432. "Without an adequate record preserving the claimed error, the reviewing court must presume the circuit court had a sufficient factual basis for its holding and that its order conforms with the law." Corral, 217 Ill. 2d at 157, citing Webster, 195 Ill.2d at 432, citing Foutch, 99 Ill.2d at 392. " In fact, '[f]rom the very nature of an appeal it is evident that the court of review must have before it the record to review in order to determine whether there was the error claimed by the appellant.' " Webster, 195 Ill. 2d at 432, quoting Foutch, 99 Ill. 2d at 391. Therefore, " '[w]here the issue on appeal relates to the conduct of a hearing or proceeding, this issue is not subject to review absent a report or record of the proceeding.' " Corral, 217 Ill. 2d at 156, quoting Webster, 195 Ill. 2d at 432. Accordingly, without the reports of proceedings to review, we are unable to find that the trial court abused its discretion when it exercised its inherent authority and sanctioned the plaintiff, pursuant to Rule 219(c), by dismissing the counts in the eighth amended complaint directed against K.A. Steel, PVS and Veliscol. Smith, 299 Ill. App. 3d at 1054, citing Fair Automotive Repair, 128 Ill. App. 3d at 772; 166 Ill. 2d R. 219(c).

*Laches*

The defendants also point out in their brief that the trial court dismissed the counts in the plaintiff's eighth amended complaint directed against these defendants based upon the doctrine of

*laches*. In light of our holding that the trial court did not err when it dismissed the counts in the eighth amended complaint directed at K.A. Steel, PVS, and Veliscol based upon its inherent authority, we need not reach the *laches* issue.

## CONCLUSION

In light of the foregoing, the trial court's dismissal based upon its inherent authority to control its docket is affirmed.

Affirmed.

QUINN, J., and MURPHY, J., concur.