CHARLES DAY, Plaintiff-Appellee, v. CHARLES SCHORECK *et al.,* Defendants-Appellants.

(No. 59776;

First District (2nd Division)—August 19, 1975.

A. Denison Weaver, of Chicago, for appellants.

No appearance or brief filed for appellee.

Mr. JUSTICE STAMOS delivered the opinion of the court:

Plaintiff, Charles Day, sued defendants, Charles and Doris Schoreck, for injuries sustained when he fell from an allegedly defective stairway of a building owned by defendants. The circuit court of Cook County directed a finding of liability for plaintiff, and pursuant to that order, the jury returned a verdict of $220,000 for plaintiff. Defendants now appeal.

■■ Defendants have taken all steps necessary to perfect their appeal. Plaintiff, on the other hand, has failed to file an appearance or brief with this court. Under such circumstances we are permitted, in our discretion, to summarily reverse or to examine the record and decide the case without the assistance of the absent party. In view of the circumstances and nature of the facts, we have decided to rule on the merits.

During the trial, the court in no uncertain terms appropriately admonished one of the defendants, in chambers, not to volunteer testimony touching upon, "bottles, drinking, liquor or any such thing." Defendant resumed the witness stand and at the earliest opportunity promptly proceeded to flagrantly violate the court's orders. The court thereupon directed a verdict on liability, over defendants' objection. The cause then proceeded to the jury on the issue of damages which they fixed at $220,000.[1]

The sole issue presented by this appeal is whether the trial court's action in directing liability in favor of plaintiff was an appropriate sanction for defendant's violation of the court's order.

■■ It is clear that all courts have the inherent power to punish for contempt as an essential incident to the maintenance of their authority and the proper administration and execution of judicial powers. (*People*

---

[1] The *ad damnum* was $100,000.

*v. Javaras,* 51 Ill.2d 296, 281 N.E.2d 670.) However, it is also clear that absent a legislative grant of power, the contumacy of a defendant in disobeying an order of a court does not allow that court to refuse to allow the defendant to answer or to refuse to consider his evidence. (*Walter Cabinet Co. v. Russell,* 250 Ill. 416, 95 N.E. 462.) Although a defendant may be contumacious, the court cannot deprive him of the right of defense. *Gordon v. Gordon,* 141 Ill. 160, 30 N.E. 446.

■■ While the legislature has approved the striking of defenses and the entry of judgments for the violation of certain discovery rules (Ill. Rev. Stat. 1973, ch. 110A, pars. 219(c)(v) and (vi)), that grant of power is premised on the presumption that the withholding of certain documents is sufficient to establish liability. (*People ex rel. General Motors Corp. v. Bua,* 37 Ill.2d 180, 226 N.E.2d 6.) In the instant case, neither Rule 219(c) nor the presumption is applicable. Consequently, the general rule controls that a court is not empowered to disregard evidence and to enter judgment against a party because the party is or may be in contempt of court.

■■ When defendant at bar violated the court's express orders, the trial judge had several permissible sanctions available. However, the directing of liability in favor of plaintiff, without regard to the evidence, was without authority of law.

Accordingly, the judgment of the circuit court of Cook County is reversed and the cause remanded for a new trial on both liability and damages.

*Reversed and remanded.*

DOWNING, P. J., and LEIGHTON, J., concur.