MELBA N. SMITH, Indiv. and as Ex'r of the Estate of Arthur E. Smith, Deceased, Plaintiff-Appellant, v. THE CITY OF CHICAGO *et al.*, Defendants-Appellees.

First District (4th Division)    No. 1—97—2666

Opinion filed October 22, 1998.

William J. Harte, Ltd., and Richard Prendergast, Ltd., both of Chicago (William Harte, Richard Prendergast, and Jeffrey D. Javors, of counsel), for appellant.

Fraterrigo, Beranek, Feiereisel & Kasbohm, of Chicago (Michael McCormick and Fredrick J. Fraterrigo, of counsel), for appellee City of Chicago.

Kralovec & Marquard, Chartered, of Chicago (William Spizzirri, Michael Sprengnether, and Timothy Takash, of counsel), for appellee Fed & Son Construction Company.

JUSTICE HOFFMAN delivered the opinion of the court:
The plaintiff appeals from an order of the circuit court directing a verdict in favor of both defendants as a sanction for the plaintiff's attorney having revealed the substance of the trial testimony of two witnesses to the plaintiff's expert witness. For the reasons that follow, we reverse and remand this cause for a new trial.
A detailed recitation of the facts giving rise to this litigation can

be found in *Smith v. City of Chicago*, No. 1—93—2875 (1995) (unpublished order under Supreme Court Rule 23), disposing of the plaintiff's prior appeal from a summary judgment entered in this case. For purposes of this appeal, it is sufficient to note that the plaintiff, Melba N. Smith, individually and as executor of the estate of Arthur E. Smith (Smith), deceased, filed the instant action against the City of Chicago (City), Fed & Son Construction Company (Fed), and others, seeking damages for the defendants' alleged negligence in the performance of a road construction project on Kostner Avenue in Chicago. The plaintiff alleged, *inter alia*, that the manner in which the defendants maintained the roadway adjacent to the excavated portion of Kostner Avenue and their failure to properly erect barricades caused Smith to drive his vehicle into the excavation, resulting in his injury and subsequent death.

On March 12, 1997, in response to a motion filed by Fed, the circuit court entered an order limiting the opinion testimony of the plaintiff's expert witness to those opinions contained in his discovery deposition. Thereafter, and in advance of trial, the parties filed a number of pretrial motions, including motions *in limine*. However, none of the parties filed a motion to exclude witnesses from the courtroom during trial, nor was any such order ever entered. After jury selection, the trial commenced against the City and Fed, the only remaining defendants.

The first five witnesses called by the plaintiff were: Barbara Meyer, a neighbor of the plaintiff, who observed Smith's car in the excavated area of the roadway; Thomas Kwiatkowski, who observed Smith and his vehicle immediately following the accident; Walter Jedynak, who removed Smith's car from the excavated area on the date of the occurrence and who had also observed the area on the day before; Dr. Leslie Schaefer, a medical witness, whose testimony was presented by means of a video-taped evidence deposition; and Douglas Gary, the City's resident engineer for the road construction project, called as an adverse witness (see 735 ILCS 5/2—1102 (West 1996)), who observed the scene of the occurrence on the morning before Smith's accident and who returned to the site shortly after the accident. Upon completion of their testimony, the trial judge instructed Meyer, Kwiatkowski and Gary not to discuss their testimony "with any other witness." No such admonition was given to Jedynak.

The plaintiff's expert witness, John Baerwald, a registered engineer, was called to testify after Gary. Baerwald testified that he had no way of knowing when the roadway in the area of Smith's accident had been excavated. He stated that it was his understanding

that one witness, Jedynak, testified that the area had already been excavated on the evening before the accident. In contrast, Gary testified that on the morning of the occurrence he observed that the site had not yet been excavated. The issue appears to be of some significance to the question of whether, at the time of Smith's accident, the City was on notice that the roadway had been excavated.

When it became apparent that Baerwald was aware of Jedynak's and Gary's trial testimony, the court excused the jury and conducted an examination of the witness. Baerwald acknowledged that the plaintiff's attorney informed him that Gary testified at trial consistent with his discovery deposition and Jedynak testified that he observed that the area had already been excavated on the evening before Smith's accident. Although Baerwald stated that he had not relied upon Jedynak's trial testimony in formulating his opinions, the trial court, nonetheless, *sua sponte* directed a verdict in favor of the defendants as a sanction for the plaintiff's attorney having informed Baerwald of the trial testimony of Jedynak and Gary. Thereafter, the trial court entered an order which provides in its entirety as follows:

> "The above captioned case having been assigned to me for trial on June 30, 1997,—a jury selected and after three days of testimony:
>
> IT IS HEREBY ORDERED that after the court's, on the record, questioning of the plaintiff's expert, it was told to me that the plaintiffs had told the expert what two prior witnesses have testified to in open court. The court felt that this was in total violation of the rules and the lawyers should be sanctioned for their actions. Therefore, the court directed a verdict in favor of both defendants and against the plaintiff, as the court felt that the sanction was proper under the circumstances.
>
> THIS ORDER IS FINAL AND APPEALABLE."

The following day, the plaintiff filed her timely notice of appeal.

In urging reversal of the trial court's order, the plaintiff argues that entering any sanction under the circumstances of this case was error and, even if the court had discretion to impose some sanction, directing a verdict in favor of the defendants was an abuse of that discretion. The City argues that directing a verdict against the plaintiff was not a clear abuse of discretion for two reasons: first, the plaintiff's attorney informed a witness of the trial testimony of two prior witnesses in contravention of the court's instructions; and second, the plaintiff's expert witness rendered an opinion at trial contrary to his deposition testimony in violation of the pretrial order entered on March 12, 1997. In addition to echoing the City's arguments, Fed also

contends that the directed verdict should be affirmed as an examination of the record reveals that the evidence introduced at trial, even when viewed in its light most favorable to the plaintiff, so overwhelmingly favors Fed that no contrary verdict could ever stand.

Before addressing the propriety of the trial court having directed a verdict in favor of the defendants as a sanction for the plaintiff's attorney having informed Baerwald of the trial testimony of Jedynak and Gary, we will dispose of the other arguments made by the defendants in support of affirmance.

■ Our examination of the record in this case fails to reveal any indication that the trial court sanctioned the plaintiff by reason of her expert witness having testified to opinions not contained in his discovery deposition. Further, neither of the defendants requested any such relief. Although we have no quarrel with the general proposition that a trial court's judgment may be affirmed upon any ground apparent from the record (see *Material Service Corp. v. Department of Revenue*, 98 Ill. 2d 382, 387, 457 N.E.2d 9 (1983)), we know of no case where that proposition has been applied to affirm a sanction. The imposition of a sanction for a party's violation of a pretrial discovery order is a matter committed to the sound discretion of the trial court which will not be disturbed on review absent an abuse of that discretion. *Kubian v. Labinsky*, 178 Ill. App. 3d 191, 196, 533 N.E.2d 22 (1988). In determining the propriety of any particular sanction, a reviewing court must look to the same factors upon which the trial court is to rely in fashioning an appropriate sanction under the unique factual circumstances of any given case. See *Ashford v. Ziemann*, 99 Ill. 2d 353, 369-72, 459 N.E.2d 940 (1984). The determination of an appropriate sanction is circumstance specific. Consequently, the review of such an order must necessarily focus upon the particular behavior of the offending party that gave rise to the sanction and the effects that behavior had upon the adverse party. We cannot, therefore, affirm the imposition of a sanction for any behavior other than that relied upon by the trial court. See *People v. Miller*, 51 Ill. 2d 76, 78, 281 N.E.2d 292 (1972). Since the trial court did not sanction the plaintiff for eliciting opinions from her expert witness that were not contained in his discovery deposition, we cannot consider that circumstance in reviewing the propriety of the directed verdict entered in this case.

■ Fed also contends that, even if the directed verdict against the plaintiff should not have been entered as a sanction, the entire record reveals that judgment in its favor is nonetheless appropriate as no contrary verdict could ever stand. We, however, find no merit in this argument.

"[V]erdicts ought to be directed *** only in those cases in which *all of the evidence*, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand." (Emphasis added.) *Pedrick v. Peoria & Eastern R.R. Co.*, 37 Ill. 2d 494, 510, 229 N.E.2d 504 (1967). Since the earliest possible point in time at which a trial court could possibly examine *all of the evidence* presented in support of any given claim is the close of the plaintiff's case, any directed verdict entered in favor of a defendant prior to the plaintiff having rested is premature. *Fair Automotive Repair, Inc. v. Car-X Service Systems, Inc.*, 128 Ill. App. 3d .763, 767, 471 N.E.2d 554 (1984). The record in this case clearly establishes that the plaintiff had not rested when the trial court directed a verdict against her. Consequently, Fed's reliance upon the *Pedrick* standard in support of the trial court's .order in this case is misplaced.

The sole issue remaining is whether the trial court erred in directing a verdict in favor of the defendants as a sanction for the plaintiff's attorney having informed Baerwald of the trial testimony of two prior witnesses.

■ There is no statute or rule of the supreme court which mandates that witnesses be excluded from the courtroom during the course of a trial or that they refrain from discussing their testimony with other witnesses. However, it has long been recognized that trial judges have the discretion to exclude witnesses in a civil trial. *Errissman v. Errissman*, 25 Ill. 119, 120 (1860). The court's power to enter such an order is derived from its inherent power to afford a fair trial to all parties. The purpose of an order excluding nonparty witnesses from the courtroom "is to prevent the shaping of testimony by one witness to match that of another and discourage fabrication." *Friedman v. Park District*, 151 Ill. App.· 3d 374, 390, 502 N.E.2d 826 (1986). A trial court may also, in appropriate circumstances, order the exclusion of expert witnesses (see *Friedman*, 151 Ill. App. 3d at 390), although the reasons for doing so are far less compelling than in the case of fact witnesses.

■ If a trial court possesses the inherent authority to exclude witnesses from a courtroom in an effort to prevent fabrication, it necessarily follows that the court also possesses the power to instruct witnesses not to discuss their testimony with other witnesses. Implicit within such an instruction to a witness is also a prohibition against a party or her attorney from informing a subsequent witness of an admonished witness's trial testimony. See *Gatto v. Curtis*, 6 Ill. App. 3d 714, 736, 286 N.E.2d 541 (1972). It would be pure sophistry to

contend that, although a witness has been ordered to refrain from discussing his testimony with any other witness, a party's attorney would be free to do so.

■ When a court determines, in the administration of a trial, that it is necessary to prohibit conduct that is not otherwise proscribed by a statute or rule, it is imperative that the court's order be clear and that all parties concerned have an accurate understanding of its limitations. See *Reidelberger v. Highland Body Shop, Inc.*, 83 Ill. 2d 545, 550, 416 N.E.2d 268 (1981). If a trial court's orders are unclear, any sanction entered for their perceived violation is an abuse of discretion and subject to reversal on appeal. See *Reidelberger*, 83 Ill. 2d at 550; *People v. Heitland*, 253 Ill. App. 3d 836, 843, 625 N.E.2d 1160 (1993).

■ As noted earlier, no order excluding witnesses from the courtroom was ever requested or entered in this case and, although the trial judge ordered Meyer, Kwiatkowski, and Gary not to discuss their testimony with any other witnesses, no such order was directed to Jedynak. While it might be argued that the plaintiff's attorney should have understood that informing Baerwald of the substance of Gary's testimony violated the court's admonition to that witness, the same cannot be said of his comments concerning the testimony of Jedynak. Nonetheless, the trial court directed a verdict in this case as a sanction for the plaintiff's attorney having imparted information to Baerwald concerning the testimony of both Gary and Jedynak. Directing a verdict in this case as a sanction for the behavior of counsel which, in significant part, violated no clear and concise order constituted an abuse of discretion and must be reversed.

Assuming, for the sake of further analysis, that the trial court had clearly ordered both Gary and Jedynak to refrain from discussing their testimony with other witnesses and in the face of that admonition the plaintiff's attorney had revealed the substance of their testimony to Baerwald, we would still be compelled to reverse the directed verdict entered in this case.

Trial courts possess the inherent authority to enter sanctions for a party's failure to obey valid orders. *Fair Automotive Repair, Inc.*, 128 Ill. App. 3d at 772. In reviewing the propriety of any sanction, we give great deference to the broad discretion vested in the trial court. However, this discretion is not absolute. Sanctions, be they for the violation of a statute, rule, or order, must be reasonable in light of the attendant facts and circumstances of the case.

The underlying spirit of our system of civil justice is that controversies should be determined according to the substantive rights of the parties. This notion is not only intuitive—it is the articulated

public policy of the state. See 735 ILCS 5/1—106 (West 1996). Dismissal of an action or the entry of an order of default may be an appropriate sanction for a party's refusal to obey a valid court order. However, such a drastic sanction, being the antithesis of a determination of a cause on its merits, should be employed only as a last resort after all other enforcement powers at the court's disposal fail. When, as in this case, sanctions are visited upon a party as vicarious punishment for the acts of her counsel, care must be taken in fashioning a sanction that both adequately addresses the offending conduct and, to the extent possible, preserves the right of the party to be heard on the merits of her case.

The violation of an order excluding witnesses has often been met with remedial measures such as barring the testimony of a witness. See *People v. Bridgeforth*, 51 Ill. 2d 52, 281 N.E.2d 617 (1972). Yet, the violation of an exclusion order does not mandate the automatic disqualification of the witness. *People v. Farnsley*, 53 Ill. 2d 537, 544, 293 N.E.2d 600 (1973); *Skelton v. Chicago Transit Authority*, 214 Ill. App. 3d 554, 584, 573 N.E.2d 1315 (1991). The matter is one committed to the sound discretion of the court. *People v. Nelson*, 33 Ill. 2d 48, 53, 210 N.E.2d 212 (1965). We will even go so far as to hold that if the violation of an order excluding witnesses or one prohibiting a witness from discussing his testimony with a subsequent witness results in such prejudice that a party is deprived of his right to a fair trial, a court would be well within its discretion to declare a mistrial. See *People v. Redd*, 135 Ill. 2d 252, 323, 553 N.E.2d 316 (1990). Our research, however, has failed to uncover any reported decision where a trial court has directed a verdict or entered an order of default as a sanction for the violation of an order excluding witnesses or for a party's attorney having revealed the substance of a witness's testimony to a subsequent witness in violation of an order prohibiting such disclosure. While we are not prepared to say that such a drastic measure would never be appropriate even in circumstances where a party's conduct exhibited a calculated intention to embarrass, hinder or obstruct a court in its administration of justice (but see *Day v. Schoreck*, 31 Ill. App. 3d 851, 852, 334 N.E.2d 864 (1975)), we are prepared to say on the strength of the record before us that this is not such a case.

Accordingly, we reverse the directed verdict entered by the trial

court in this case and remand this cause to the circuit court for a new trial.

Reversed and remanded.

SOUTH, P.J., and McNAMARA, J., concur.