First Division
December 4, 2006

1-05-3539

| | |
|---|---|
| ELVIN GONZALEZ and ANA GONZALEZ, | ) |
| | ) Appeal from |
| Plaintiffs-Appellants, | ) the Circuit Court |
| | ) of Cook County |
| v. | ) |
| | ) 03 M1 142997 |
| NISSAN NORTH AMERICA, INC., and HAWKINSON NISSAN, L.L.C., | ) |
| | ) Honorable |
| | ) Raymond Funderburk, |
| Defendants-Appellees. | ) Judge Presiding |

PRESIDING JUSTICE McBRIDE delivered the opinion of the court:

Plaintiffs appeal from an order of the circuit court of Cook County dismissing their action with prejudice as a sanction pursuant to Supreme Court Rules 137 and 219. 155 Ill. 2d. R. 137; 166 Ill. 2d R. 219. Plaintiffs contend their attempt to refresh a trial witness' recollection with a document which plaintiffs did not disclose to defendants during discovery was not a violation of the discovery rules or an order *in limine* barring use of undisclosed documents at trial and that, even if plaintiffs' conduct was improper, it did not warrant such an extreme sanction.

Before addressing the arguments on appeal, we note numerous omissions in plaintiffs' opening brief and the record on appeal. For instance, introductory sections of plaintiffs' brief, which are mandated by Supreme Court Rule 341(e)(1) and entitled "Points and Authorities" and "Issues Presented for Review," indicate that plaintiffs addressed only the Rule 137 grounds for the dismissal, thus conceding the propriety of the dismissal pursuant to the other rule cited by the trial judge, Rule 219. 188 Ill. 2d R. 341(e); 155 Ill. 2d R. 137; 166 Ill. 2d R. 219. Further review of the brief discloses plaintiffs actually addressed both bases for dismissal and that the

introductory sections of the brief are simply incomplete. Nevertheless, the additional review also reveals plaintiffs copied entire passages from the trial transcripts and that the quotations take up 10 full pages of the brief. This briefing style is cumbersome and violates the provision in Supreme Court Rule 341(e) that an appellant is to state only "the facts necessary to an understanding of the case *** with appropriate references to the pages on appeal," and that "[e]vidence shall not be copied at length, but reference shall be made to the pages of the record on appeal *** where evidence may be found." 188 Ill. 2d R. 341(e)(6), (e)(7). Moreover, the brief relies heavily on a fact that is not supported by citation to the record, specifically that the document which plaintiffs failed to disclose to defendants was authored by defendants and therefore always in defendants' possession. Along those same lines, but even more egregious, is that plaintiffs never cite the page or pages of the record containing the sanction order on appeal and we were unable to locate the order in the record or in the appendix to plaintiffs' brief. Supreme Court Rule 321 obligated plaintiffs to provide the order appealed from (155 Ill. 2d R. 321), Supreme Court Rule 329 authorized plaintiffs to subsequently correct "[m]aterial omissions" from the record transmitted to the appellate court (134 Ill. 2d R. 329), Supreme Court Rule 342 obligated plaintiffs to compile an appendix of "any pleadings or other materials from the record which are the basis of the appeal or pertinent to it" (155 Ill. 2d R. 342), and Supreme Court Rule 341(e)(7) obligated plaintiffs to cite "the pages of the record relied upon" for their arguments (188 Ill. 2d R. 341(e)(7)). Plaintiffs state in their opening brief that the written sanction order lacked specificity and defendants do not disagree with this characterization of the order. A lack of detail, however, does not justify plaintiffs' failure to provide a complete record,

1-05-3539

a complete brief, or basic supporting citation for their arguments. The brief writer's failure to follow the appellate rules makes it difficult to conduct our review. Given the deficient brief and record, it would be within our discretion to affirm the sanction order without further comment. Even so, we have read the transcripts of the three-day trial, determined they adequately convey the conduct at issue, and decided to rule on the merits of the sanction.

Rule 137 provides that an attorney's signature on a pleading, motion, or other paper is the attorney's certification that he or she has read the motion and

"that to the best of his knowledge, information, and belief formed

after reasonable inquiry it is well ground in fact and is warranted

by existing law or a good-fath argument for the extension,

modification, or reversal of existing law, and that it is not

interposed for any improper purpose, such as to harass or to cause

unnecessary delay or needless increase in the cost of litigation."

155 Ill. 2d R. 137.

The rule authorizes the court, upon motion or upon its own initiative, to impose on a represented party, an attorney, or both, "an appropriate sanction." 134 Ill. 2d R. 137. The decision to impose sanctions under Rule 137 is entrusted to the sound discretion of the trial court, is "afforded considerable deference" on appeal, and will be overturned only where the appellate record discloses an abuse of discretion. *Technology Innovation Center, Inc. v. Advanced Multiuser Technologies Corp.*, 315 Ill. App. 3d 238, 244, 732 N.E.2d 1129, 1134 (2000). An abuse of discretion occurs where the trial court's finding is against the manifest weight of the evidence or

3

where no reasonable person would adopt the same view. *Technology Innovation Center*, 315 Ill. App. 3d at 244, 732 N.E.2d at 1134. Accordingly, a reviewing court considers whether the imposition of sanctions was informed, based on valid reasoning, and follows logically from the facts. *Technology Innovation Center*, 315 Ill. App. 3d at 244, 732 N.E.2d at 1134.

Rule 219 addresses the consequences of refusing or failing to comply with discovery rules or orders. Subsection c of the rule specifies that if a party:

"unreasonably fails to comply with [the discovery rules] or

fails to comply with any order entered under these rules, the court,

on motion, may enter, in addition to remedies elsewhere provided,

such orders as are just, including, among others, the following:

* * *

(iii) That the offending party be debarred from

maintaining any particular claim, counterclaim, third-party

complaint, or defense relating to that issue;

(iv) That a witness be barred from testifying

concerning that issue;

(v) That, as to claims or defenses asserted in any

pleading to which that issue is material, a judgment by default be

entered against the offending party or that the offending party's

action be dismissed with or without prejudice[.]" 166 Ill. 2d R.

219(c).

1-05-3539

Further, "[i]n lieu of or in addition to the foregoing, the court, upon motion or upon its own initiative, may impose upon the offending party or his or her attorney, or both, an appropriate sanction, which may include *** a reasonable attorney fee, and when the misconduct is wilful, a monetary penalty." 166 Ill. 2d R. 219.

A sanction may be imposed regardless of whether omissions in discovery are intentional or inadvertent. *Boettcher v. Fournie Farms, Inc.*, 243 Ill. App. 3d 940, 948, 612 N.E.2d 969, 974 (1993).

"A trial court is vested with wide discretionary powers in pretrial discovery matters." *Nehring v. First National Bank in DeKalb* , 143 Ill. App. 3d 791, 796-97, 493 N.E.2d 1119, 1124 (1986). Nonetheless, even if a court has determined that a party has not reasonably complied with discovery, and some sanctions are appropriate, the sanctions imposed must be just and proportionate to the offense. *Nehring*, 143 Ill. App. 3d at 803, 493 N.E.2d at 1128.

> "[A] just order imposing sanctions for failure to comply with
> discovery is one which, to a degree possible, insures both discovery
> and trial on the merits. [Citation.] The purpose of providing
> sanctions for failure to comply with discovery rules is to promote
> the flow of discovery and not to punish a dilatory or noncomplying
> party. [Citation.]" *Nehring*, 143 Ill. App. 3d at 803, 493 N.E.2d at
> 1128.

"The Illinois courts have determined that dismissal with prejudice is: (1) a drastic punishment which the courts are reluctant to impose [citation]; (2) to be employed only as a last resort in

5

order to enforce the rule of discovery [citation]; [and] (3) an inappropriate sanction where a trial *** can be had without hardship or prejudice [citations]." *Nehring*, 143 Ill. App. 3d at 803, 493 N.E.2d at 1128. A dismissal with prejudice is so drastic a sanction that it should be employed only when a party has shown a "deliberate and contumacious disregard for the court's authority" *(Sander v. Dow Chemical Co.*, 168 Ill. 2d 48, 68, 651 N.E.2d 1071, 1081 (1995)) and all other enforcement measures have failed. *Sander*, 166 Ill. 2d at 67, 651 N.E.2d at 1081.

> "The purpose of imposing sanctions under Supreme Court Rule 219(c) is to compel cooperation rather than to dispose of litigation as a means of punishing the noncomplying party. [Citation.] The court may not invoke sanctions which are designed to impose punishment rather than to achieve or effect the objects of discovery. [Citations.] *** [A] sanction for noncompliance with discovery rules or orders under Rule 219(c) should be set aside when a trial on the merits may be held without visiting hardship or prejudice on the parties. [Citation.]" *Cedric Spring & Associates, Inc. v. N.E.I. Corp.*, 81 Ill. App. 3d 1031, 1035, 402 N.E.2d 352, 356 (1980).

"The determination of an appropriate sanction is circumstance specific." *Smith v. City of Chicago*, 299 Ill. App. 3d 1048, 1052, 702 N.E.2d 274, 277 (1998) . "Consequently, the review of such an order must necessarily focus upon the particular behavior of the offending party that gave rise to the sanction and the effects that behavior had upon the adverse party." *Smith*, 299 Ill. App. 3d at 1052, 702 N.E.2d at 278. Thus, the general principle that a reviewing court may

6

affirm an order on any basis apparent from the record does not apply to a Rule 219 sanction order. *Smith*, 299 Ill. App. 3d at 1052, 702 N.E.2d at 277.

The record on appeal consists primarily of the parties' pleadings and trial transcripts, which disclose the following relevant facts. On July 2, 2003, Elvin and Ana Gonzalez filed suit against vehicle manufacturer Nissan North America, Inc., and vehicle dealer Hawkinson Nissan, L.L.C. of Matteson, Illinois, regarding a 2002 Nissan Xterra sport utility vehicle that plaintiffs purchased on June 17, 2002. Plaintiffs alleged the sport utility vehicle had an unremediated defect that caused it to pull to the right during driving or braking. The complaint included claims of breach of express and implied warranties, under the federal Magnuson-Moss Warranty -- Federal Trade Commission Improvement Act (15 U.S.C. §2301 *et seq.* (2000)) and consumer revocation of acceptance of nonconforming goods, under the state codification of section 2-608 of the Uniform Commercial Code (810 ILCS 5/2-608 (West 2002)). Plaintiffs' suit proceeded to trial by jury on September 6, 2005. Before the presentation of evidence, the trial judge granted defendants' motion *in limine* "to bar plaintiffs from calling any witness not timely and properly disclosed and barring plaintiffs from utilizing documents not properly disclosed." Although plaintiffs' written motion *in limine* and the trial judge's written order *in limine* were not included in the record on appeal, various transcripts that were tendered for our review substantiate that the trial judge made this ruling *in limine*.

On September 7, 2005, the second day of the trial, plaintiffs called their automotive expert, Phillip J. Grismer, to the witness stand. The substance and scope of Grismer's testimony had been previously disclosed to defendants pursuant to Supreme Court Rule 213(f)(3). 177 Ill. 2d R. 213(f)(3). In relevant part, the rule requires a proponent to identify its controlled expert

witnesses and to disclose "(i) the subject matter on which the witness will testify; (ii) the conclusions and opinions of the witness and bases therefor, (iii) the qualifications of the witness; and (iv) any reports prepared by the witness about the case." Official Reports Advance Sheet No. 8 (April 17, 2002), R. 213(g), eff. July, 1, 2002. Also relevant here is Supreme Court Rule 222 which, stated broadly, requires parties to disclose and produce the factual basis of their claim or defense. 166 Ill. 2d R. 222. The rule expressly provides: "(g) Exclusion of Undisclosed Evidence. In addition to any other sanction the court may impose, the court shall exclude at trial any evidence offered by a party that was not timely disclosed as required by this rule, except by leave of court for good cause shown." 166 Ill. 2d R. 222(g).

Under plaintiffs' direct examination, Grismer testified that in March 2004, he "visually inspected" plaintiffs' vehicle in a parking lot, measured the tread depth, condition, and air pressure of the tires, and then took a test drive. After this "non-invasive inspection [where] nothing was taken apart, [and] the vehicle was not hoisted," Grismer concluded the Xterra had "defective suspension geometry" which could be attributable to a bent or loose component or "simply something that's out of adjustment" and that this defect diminished the value of the vehicle by 30% of the suggested retail price.

On cross-examination, Grismer was asked about the report about plaintiffs' vehicle which he prepared and plaintiffs tendered to defendants as part of plaintiffs' supplemental Rule 222 disclosures. 166 Ill. 2d R. 222. In particular, Gismer was asked about the reference in his narrative report to a "technical service bulletin" about Nissan vehicles. Technical service bulletin "00-037B" consisted of a one-page exhibit attached to Grismer's report. This document indicated most United States roads are built with a "'crown'" or higher elevation in the center to

"help rain water drain from the road surface," "vehicles have a natural tendency to drift to the low side of the crown," and vehicles are designed with "a small amount of counteracting left pull." Grismer testified that he obtained technical service bulletin 00-037B from an Internet site, www.alldatapro.com; however, three or four additional pages of the bulletin were missing from the exhibit in defense counsel's hands. Defendants objected and a sidebar conference was had outside the presence of the jury.

During the sidebar, defendants informed the court that the technical service bulletin attached to Grismer's report which plaintiffs produced during discovery consisted of only one page. Defendants reminded the court of its order *in limine* barring any witness from utilizing or referencing any document not seasonably produced, and asked the court to strike Grismer's last comment and admonish him outside the jury's presence that documents which were subject to the order *in limine* should not be utilized or referenced. Plaintiffs admitted they disclosed to defendants only one page of the technical service bulletin Grismer was relying on, that "[t]he following three pages were not [disclosed]," and that plaintiffs and Grismer realized the omission the day before when they were going over Grismer's testimony. Plaintiffs emphasized, however, that the bulletin was brought up only during cross-examination by defendants, and plaintiffs argued that they were not in violation of the order *in limine* because they had not asked Grismer about the undisclosed document during direct examination and did not try to admit the multiple pages into evidence. The trial judge responded that plaintiffs were under a duty to seasonably supplement discovery, and although it would not have been timely, plaintiffs should have nevertheless disclosed the missing pages immediately upon learning of their omission or at least "this morning prior to the start of the [second day of] trial." Further, "to simply not say anything

9

about it and not seasonably supplement is a violation [of the discovery rules]." The judge asked defendants to suggest a resolution to the problem and defendants proposed plaintiffs stipulate only one page had been produced during discovery and the jury be instructed to disregard any testimony indicating there were additional pages to the technical service bulletin. Plaintiffs agreed and so stipulated, and when the judge and lawyers returned to the courtroom, the jury was informed the technical service bulletin "contained only one page" and that Grismer's reference to multiple pages should be disregarded. When cross-examination resumed, Grismer testified without further incident.

The next morning, September 7, 2005, plaintiffs resumed their case-in-chief with the testimony of David J. Schend. Schend was employed as a "dealer technical specialist" by defendant vehicle manufacturer Nissan North America, Inc., and his position required him to travel to Nissan dealers in 12 or 13 midwestern states to assist technicians who were having difficulty with certain repairs. Schend spent several hours inspecting plaintiffs' Xterra for defects. During direct examination, plaintiffs asked Schend if he was aware of any technical service bulletins regarding plaintiffs' vehicle and Schend responded that there were numerous bulletins that "cover all sorts of systems and subsystems on the Nissan Xterra over a number of different [model] years" and that he could not recall the details of any particular bulletin. Plaintiffs asked if Schend was aware of a bulletin regarding any steering or pulling condition and Schend responded that he was but could not recall the details of any particular bulletin. In an attempt to refresh Schend's recollection about the technical service bulletin regarding Nissan vehicles' steering, plaintiffs began showing Schend the documents that the previous witness, Grismer, obtained from www.alldatapro.com, including the missing pages that

10

plaintiffs were previously barred from "utilizing" at trial because those pages were not seasonably disclosed during discovery. Before counsel could hand the exhibit to Schend, defendants objected, and a sidebar conference was convened.

During the sidebar, plaintiffs argued that because Schend was "well aware of the technical bulletin," plaintiffs' use of the document at trial could not cause "prejudice or surprise whatsoever to any defendant in this case" and was not improper. The trial judge found, however, that plaintiffs' attempt to refresh Schend's recollection with documents previously barred due to their nondisclosure was "a very, very serious violation of discovery rules, [and] a very serious violation of the Court's prior ruling." The trial judge reiterated that plaintiffs had an opportunity before Grismer testified to tender the pages that had been omitted from previous disclosures, but plaintiffs had not acted on that opportunity and had instead committed a discovery violation. In addition, the trial judge found that plaintiffs' subsequent attempt to use or actual use of the stricken pages was a purposeful, wilful, and wanton violation of the court's previous order. The trial judge then dismissed plaintiffs' complaint with prejudice as a sanction pursuant to Supreme Court Rules 137 and 219. 155 Ill. 2d R. 137; 166 Ill. 2d R. 219. The judge and attorneys returned to the courtroom, where the judge announced the disposition of the case and released the jury.

This recitation of facts demonstrates that the dismissal order was improper. Rule 137, quoted in relevant part above, concerns the filing of false and frivolous lawsuits (*Sanchez v. City of Chicago*, 352 Ill. App. 3d 1015, 1020, 817 N.E.2d 1068, 1073 (2004)) or motions or other paper (155 Ill. 2d R. 137), and is not applicable to this case. Rule 219, also quoted in relevant part above, concerns "refusal" or "unreasonable fail[ure]" to comply with discovery or pretrial

11

procedures (166 Ill. 2d R. 219), and is only indirectly applicable because the sanction at issue was imposed primarily because of counsel's misconduct on the third day of trial rather than during the discovery phase of this litigation. In *Day v. Schoreck*, 31 Ill. App. 3d 851, 852, 334 N.E.2d 864, 865 (1975), this court indicated that Rule 219 is not a basis for sanctioning conduct that occurs at trial. Even if counsel's violation of the order *in limine* was a discovery violation sanctionable under Rule 219(c), the sanction imposed was too harsh and was an abuse of discretion. We reach this conclusion because the record does not indicate a lesser sanction was ineffective, that the dismissal was entered only as a last resort, and that a trial on the merits was no longer possible.

A Rule 219(c) penalty is expected to be proportionate to the gravity of the discovery violation. *Boettcher*, 243 Ill. App. 3d at 947, 612 N.E.2d at 974. Here, plaintiffs gained little benefit, if any, from their use of the multi-page exhibit. The transcripts show plaintiffs did not rely on the offensive exhibit while examining their expert witness, Grismer. Instead, the technical service bulletin was first mentioned during cross-examination by the defense. When plaintiffs subsequently attempted to use the exhibit with Nissan's employee, Schend, an objection was made before the jury heard or saw anything about the exhibit. We do not mean to suggest that plaintiffs' counsel was adhering to the order *in limine* or that we condone his courtroom conduct. We do, however, point out that plaintiffs' use of the barred exhibit had minimal impact on the jury members and that a lesser sanction was still possible. Dismissing the action with prejudice not only negated Grismer's and Schend's testimony regarding the disclosed page of the technical service bulletin, but also negated their unrelated testimony and the entire testimony of the two plaintiffs. The dismissal precluded a resolution on the merits of plaintiffs'

allegations and the properly disclosed evidence. It is our opinion that a proportionate, effective sanction in this instance could have included barring and striking all witness testimony regarding the technical service bulletin (see, *e.g.*, *Betts v. Manville Personal Injury Settlement Trust*, 225 Ill. App. 3d 882, 920, 588 N.E.2d 1193, 1278 (1992) (indicating expert witness should have been precluded from testifying where his opinion was not timely disclosed)), and/or imposing a monetary penalty on plaintiffs' counsel. This type of sanction would have ensured that defendants were not prejudiced by counsel's conduct and emphasized to plaintiffs that discovery is "a serious phase of litigation" worthy of counsel's "careful attention." *Fine Art Distributors v. Hilton Hotel Corp.*, 89 Ill. App. 3d 881, 884, 412 N.E.2d 608, 610 (1980).

*Walton v. Throgmorton*, 273 Ill. App. 3d 353, 652 N.E.2d 803 (1995), was a will contest which the trial dismissed with prejudice as a discovery sanction when the plaintiff's counsel failed to appear at a hearing. The appellate court reversed the sanction in part because there was "nothing in the record to indicate that the court notified [counsel] *** that such a strong sanction would be imposed by his failure to appear." *Walton*, 273 Ill. App. 3d at 359, 652 N.E.2d at 807. The court emphasized, "Dismissal with prejudice for abuse of the discovery process is the most severe sanction available to the court and is to be employed only as a last resort, and only in those cases where the actions of a party show a deliberate, contumacious, or unwarranted disregard of the court's authority." *Walton*, 273 Ill. App. 3d at 359, 652 N.E.2d at 807. The court reasoned that "without some notice to [counsel] that a dismissal was imminent, we cannot find that the dismissal was used only as a last resort." *Walton*, 273 Ill. App. 3d at 359, 652 N.E.2d at 807. Similarly, here, there is no indication that counsel was warned that certain conduct could result in the imposition of the most severe sanction possible to his clients. In fact,

the trial transcripts suggest that plaintiffs' counsel was caught off guard. The transcripts disclose that when plaintiffs' counsel started to show the multipage technical service bulletin to the Nissan witness, the defense objected and the judge and attorneys convened in chambers, outside the jury's hearing for a sidebar conference. There was apparently a slight lag between the objection and the beginning of the sidebar conference, because when the conference started, defense counsel stated: "As we were headed back to chambers, plaintiffs' counsel indicated to me he was just going to withdraw [the exhibit] and not go any further with this. So if that's the case, then I don't think we need to go *** any further." However, plaintiffs' attorney responded, "Well, your Honor, we're here now," and proceeded to argue that his use of the complete technical service bulletin was not improper. The conference concluded with the dismissal of plaintiffs' lawsuit. We do not believe plaintiffs' counsel would have proceeded to argument if he had known a potential outcome was the dismissal of his entire case. Again, we do not mean to suggest that counsel's conduct was proper or condoned by this court. We do, however, find that the transcript suggests counsel was surprised by the dismissal. Absent some indication in the record that counsel was on notice that dismissal was imminent, we cannot find that the ultimate sanction was imposed as a last resort.

Finally, this court stated the following regarding Illinois' public policy of resolving complaints on their merits and the extreme nature of dismissing an action with prejudice, in *Smith v. City of Chicago*, 299 Ill. App. 3d 1048, 702 N.E.2d 274 (1998):

> "The underlying spirit of our system of civil justice is that
> controversies should be determined according to the substantive
> rights of the parties. This notion is not only intuitive -- it is the

14

articulated public policy of the state. See 735 ILCS 5/1-106 (West 1996). Dismissal of an action or the entry of an order of default may be an appropriate sanction for a party's refusal to obey a valid court order. However, such a drastic sanction, being the antithesis of a determination of a cause on its merits, should be employed only as a last resort after all other enforcement powers at the court's disposal fail. When, as in this case, sanctions are visited upon a party as vicarious punishment for the acts of her counsel, care must be taken in fashioning a sanction that both adequately addresses the offending conduct and, to the extent possible, preserves the right of the party to be heard on the merits of her case." *Smith*, 299 Ill. App. 3d at 1054-55, 702 N.E.2d at 279.

The dismissal in this case is inconsistent with the public policy of this jurisdiction.

Because the dismissal was disproportionate to plaintiffs' misconduct and came without warning, it was an unjust sanction. A lesser sanction would have been effective and yet adhered to Illinois' policy of resolving disputes on their merits. Accordingly, we reverse the dismissal order and remand the cause for further proceedings with a different circuit court judge, which may include a trial on the merits. Because discovery has closed, any further proceedings are to be conducted without the use of the entire multipage exhibit. Plaintiffs disclosed only the first page of the technical service bulletin and are limited to using that single page on remand.

Reversed and remanded.

GARCIA and GORDON, R., JJ., concur.