NOTICE
Decision filed 11/25/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 240802-U

NO. 5-24-0802

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| SAFEWORKS ILLINOIS OCCUPATIONAL HEALTH SERVICES, LTD., and DR. DAVID FLETCHER, | ) ) ) ) | Appeal from the Circuit Court of Champaign County. |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | No. 23-LA-72 |
| RANTOUL FOODS/AGAR, TERI CRENSHAW, and JERROLD JACOBSEN, | ) ) ) | Honorable |
| Defendants-Appellees. | ) ) | Jason M. Bohm, Judge, presiding. |

JUSTICE BARBERIS delivered the judgment of the court.
Justices Cates and Boie concurred in the judgment.

**ORDER**

¶ 1   *Held*: The circuit court abused its discretion by dismissing certain counts of plaintiffs' complaint with prejudice where the conduct of plaintiffs' counsel did not demonstrate a deliberate disregard for the court's authority and the dismissal with prejudice was the first sanction imposed.

¶ 2   Plaintiffs, SafeWorks Illinois Occupational Health Services, Ltd. (SafeWorks), and Dr. David Fletcher (Dr. Fletcher), appeal the Champaign County circuit court's order dismissing with prejudice two counts of a complaint filed against defendants, Rantoul Foods/AGAR (Rantoul), Teri Crenshaw, and Jerrold Jacobsen. Plaintiffs also appeal the court's orders denying plaintiffs' motions to reconsider and vacate the dismissal. On appeal, plaintiffs argue that the court's dismissal was a drastic sanction where plaintiffs' actions did not demonstrate a deliberate,

1

contumacious, or unwarranted disregard of the court's authority. For the following reasons, we reverse and remand.

¶ 3                              I. BACKGROUND

¶ 4    On July 28, 2022, SafeWorks filed a complaint against defendants in the circuit court of Cook County. The complaint alleged one count of breach of contract against Rantoul, Crenshaw, a former SafeWorks employee, and Jacobsen, the director of Rantoul. SafeWorks alleged that it entered into an agreement with Rantoul to provide an on-site occupational professional, Crenshaw, at Rantoul's food service facility. SafeWorks alleged that Rantoul and Jacobsen breached a provision of the agreement that prohibited Rantoul from employing a SafeWorks employee for one year following the termination or expiration of the agreement. SafeWorks alleged that Rantoul offered Crenshaw employment and Crenshaw accepted employment with Rantoul in violation of the agreement. The case was subsequently transferred to Champaign County on *forum non conveniens* grounds.

¶ 5    On June 21, 2023, Rantoul and Jacobsen filed a motion to dismiss pursuant to section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2022)). Rantoul asserted that the breach of contract claim against it should be dismissed based on the "Dispute Resolution" provision in the agreement, which provided, in relevant part: "Any controversy, claim or dispute of whatever nature arising between the parties (a 'Dispute') shall be resolved by mediation or, failing mediation, by binding arbitration." The provision further provided: "The parties knowingly and voluntarily waived their rights to have their dispute tried and adjudicated by a judge or jury." Jacobsen separately asserted that SafeWorks failed to state a claim against him because he was not a named party to the agreement. Crenshaw later filed a motion to dismiss, joining and adopting the

2

motion filed by Rantoul and Jacobsen. The circuit court subsequently granted the motions to dismiss but gave plaintiffs 28 days (to September 20, 2023) to file an amended complaint.

¶ 6    On September 28, 2023, plaintiffs filed an amended complaint against defendants. In the amended complaint, plaintiffs alleged a breach of contract claim against Rantoul (count I), a breach of contract claim against Crenshaw (count II), and a tortious interference with contractual and business relationships claim against Rantoul, Crenshaw, and Jacobsen (count III). Shortly thereafter, Rantoul and Jacobsen filed a motion to dismiss counts I and III pursuant to section 2-619.1 of the Code, arguing that (1) the amended complaint was not filed by the court imposed deadline; (2) Dr. Fletcher lacked standing to bring claims because he was not a named party to the agreement; (3) plaintiffs failed to comply with the alternative dispute resolution provision in the agreement; and (4) Rantoul could not interfere with its own contract and plaintiffs failed to plead the agreement with which Jacobsen interfered. Crenshaw later filed a motion to dismiss, joining and adopting the motion filed by Rantoul and Jacobsen.

¶ 7    On October 24, 2023, the circuit court set a briefing schedule. The court ordered plaintiffs to file a response in opposition to defendants' motion to dismiss by November 21, 2023. The court further ordered defendants to file a reply to plaintiffs' opposition by December 5, 2023. The court entered the following docket entry:

"A failure to comply with the foregoing order by the movant will result in the Court denying the motion as withdrawn. A failure to comply with the foregoing order by the party against whom the motion is directed will result in the Court's granting the motion as confessed. A copy of this entry sent to the parties via email."

The court additionally sent an email to the parties on October 24, 2023, advising the parties of the briefing schedule. The court set the matter for hearing on December 13, 2023.

3

¶ 8    On December 5, 2023, Rantoul and Jacobsen filed a "reply" in support of their motion to dismiss counts I and III, as it pertained to those two defendants. In the reply, Rantoul and Jacobsen noted that plaintiffs failed to file a response in opposition to the motion to dismiss. Accordingly, Rantoul and Jacobsen requested that the circuit court grant their motion to dismiss as confessed, in addition to the reasons set forth in the motion.

¶ 9    On December 5, 2023, counsel for plaintiffs sent an email in response to defendants' "reply." The email was file stamped on December 6, 2023. In the email, counsel stated as follows: "Ms. Erdman,[1] my apologies for the delay. I am attaching two cases in rebuttal Defendants [*sic*] motions. Also, I will address the late filing with the Court as well as I attempted to file the amended complaint and it was subsequently rejected."

¶ 10    On December 6, 2023, the circuit court entered an order granting Rantoul and Jacobsen's motion to dismiss counts I and III of the complaint, with prejudice. In doing so, the court acknowledged the preference for deciding cases on the merits but noted that it remained "incumbent on litigants to comply with the procedures to reach the merits of a case." The court further stated, "Otherwise, the procedures such as a briefing schedule, which help narrow the issues and prepare the litigants and the Court for oral argument, are useless." In addressing plaintiffs' counsel's email, the court noted:

"First, this type of court-by-email is inappropriate as it is not in compliance with the Court's briefing schedule and inconsistent with 'public access to court records.' *United Conveyor Corp. v. Allstate Ins. Co.*, 2017 IL App (1st) 161314, ¶ 19. The plaintiff was afforded an opportunity to address the motion to dismiss with the Court through a written response in opposition. It waived that opportunity. Second, while late filing of the amended complaint

---

[1]The record indicates that "Ms. Erdman" was the court clerk for the judge presiding over the case.

was *one* reason the defendants sought dismissal it was not the *only* reason. Attaching cases to an email does not address those other reasons. 'Judges are not like pigs, hunting for truffles buried in briefs.' *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991). Worse yet would be judges hunting the attachments to counsel's emails for truffles." (Emphases in original.)

In addition to granting the motion to dismiss, the court vacated the hearing set for December 13, 2023.

¶ 11    On December 11, 2023, plaintiffs filed a motion to reconsider the circuit court's December 6, 2023, order. In the motion, counsel for plaintiff explained the circumstances leading to her failure to timely file the amended complaint and asserted that defendants suffered no resulting prejudice. Counsel alleged that she attempted to file the complaint on three separate occasions, beginning on September 22, 2023. Counsel additionally asserted that plaintiffs did not intend to waive their right to file a response in opposition to the motion to dismiss. Counsel asserted that "Plaintiffs had no willful intentions[,] nor did they seek to violate the Court order and the failure to file a response should not be so significant so as to hinder the Court's ability to review the issues." Counsel maintained that she submitted an email to the court with caselaw that was directly on point and in support of plaintiffs' opposition to the motion to dismiss. Counsel maintained that the caselaw demonstrated that Dr. Fletcher had standing to bring the tortious interference claim in count III. Counsel did not address the failure to file a written response in opposition. Plaintiffs maintained that the court's dismissal violated public policy favoring the determination of a cause on the merits.

¶ 12    On December 13, 2023, the circuit court denied plaintiffs' motion to reconsider. The court noted that plaintiffs offered no explanation for the failure to comply with the briefing schedule. The court further reasoned:

> "In this case, the plaintiff was ordered to respond with the consequence for not responding made clear. The plaintiff knowingly chose not to respond. The Court imposed the consequence. It was not an abuse of discretion to do so.
>
> Indeed, a stronger argument is made that it would be an abuse of discretion for the Court not to impose the clearly delineated consequences. Court orders are not simply suggestions. Trial courts retain the right to control their docket and require parties to adhere to their orders. It is possible, even preferable, that a sanction less severe than dismissal could be imposed when warranted by the circumstances. But fashioning such a sanction would require the plaintiff to have provided an explanation of the circumstances. In this case, there is no explanation. Certainly, this Court and all courts would prefer to reach the merits of a controversy. But, as this Court said in the dismissal order, it remains incumbent on litigants to comply with the procedures that allow for the merits to be reached. The plaintiff did not comply with the Court's order and offers no explanation for the noncompliance."

¶ 13    On January 12, 2024, plaintiffs filed a motion to vacate the December 13, 2023, order denying the motion to reconsider pursuant to section 2-1005 of the Code (735 ILCS 5/2-1005 (West 2022)). Plaintiffs alternatively requested that the circuit court allow interlocutory appeal. In the motion, plaintiffs' counsel asserted that there was no deliberate intent to violate the court's briefing schedule. In addition, plaintiffs' counsel explained that during the time the response in opposition to the motion to dismiss was due to be briefed, counsel was "assisting in personal

6

matters dealing with a family friend passing as a result of bladder cancer." Counsel asserted that she was required to travel to several other states. Counsel further asserted that it was "clearly a personal matter and not information that the family nor Counsel sought to have summarized in writing, particularly given the sensitive nature and being incorporated as part of public record." Counsel prepared and attached an affidavit in support of the motion.

¶ 14    On February 27, 2024, the circuit court entered an order denying the motion to vacate and the request to grant an interlocutory appeal. In doing so, the court noted that plaintiffs brought the motion to vacate pursuant to section 2-1005 of the Code, which pertains to summary judgment motions, rather than section 2-1301(e) of the Code (*id.* § 2-1301(e)), which pertains to motions to vacate. The court acknowledged plaintiffs' counsel's explanation for failing to file a response, but the court noted that at the hearing on the motion to vacate, counsel advised that she did not realize there was a briefing schedule for the motion to dismiss until she received defendants' reply brief. The court noted that it ordinarily granted continuances and extensions when warranted, but the court found no basis to do so where counsel never raised the issue in the motion to reconsider. The court additionally noted:

"But more fundamentally, plaintiffs still have not explained why defendants' motion to dismiss the amended complaint should not be granted. As examples, the plaintiffs do not address why the arbitration provision in the contract between Safeworks and Rantoul Foods should not be enforced; nor do they explain how Dr. Fletcher, a non-party to the contract, has standing to bring a breach of contract claim. The Court should not be left to guess or fill in the blanks for plaintiffs' failures, whatever the reason for plaintiffs' prior failure to address these issues might have been."

7

¶ 15   On May 28, 2024, plaintiffs filed a motion to dismiss the remaining claims (the claims against Crenshaw in counts II and III) pursuant to section 2-1009(a) of the Code (*id.* § 2-1009(a)). The circuit court granted the motion on June 5, 2024, and dismissed the remaining claims without prejudice. The court further noted that its order was a "final and appealable order pursuant to Illinois Supreme Court Rule 303." Plaintiff filed a notice of appeal on June 26, 2024, from the court's December 6, 2023, December 13, 2023, and April 24, 2023, orders.

¶ 16                                    II. ANALYSIS

¶ 17   On appeal, plaintiffs argue that the circuit court abused its discretion by dismissing the amended complaint, with prejudice. Specifically, plaintiffs argue that the court's dismissal, with prejudice, was a drastic sanction where plaintiffs' actions did not show a deliberate, contumacious, or unwarranted disregard of the court's authority. We agree.

¶ 18   A circuit court, "pursuant to its inherent authority, is empowered to dismiss a cause of action with prejudice for violations of court orders." *Sander v. Dow Chemical Co.*, 166 Ill. 2d 48, 65 (1995). A circuit court's "dismissal of a complaint with prejudice may be upheld on the basis of the court's inherent authority to control its docket." *Id.* "The recognition of the court's inherent authority is necessary to prevent undue delays in the disposition of cases caused by abuses of procedural rules, and also to empower courts to control their dockets." *Id.* at 66. "Dismissal of a cause of action or sanctions which result in a default judgment are drastic sanctions and should only be employed when it appears that all other enforcement efforts of the court have failed to advance the litigation." *Id.* at 67-68. "The purpose of imposing sanctions is to coerce compliance with court rules and orders, not to punish the dilatory party." *Id.* "Dismissal of a cause of action for failure to abide by court orders is justified only when the party dismissed has shown a deliberate and contumacious disregard for the court's authority." *Id.* "Reversal of a [circuit] court's decision

8

to impose a particular sanction is only justified when the record establishes a clear abuse of discretion." *Id.* at 67.

¶ 19     In the present case, the circuit court abused its discretion by dismissing counts I and III of the complaint and by denying plaintiffs' motions to reconsider and vacate the dismissal. The court's dismissal was premised on plaintiffs' failure to file a response in opposition to defendants' motion to dismiss in accordance with the court's briefing schedule. The court additionally noted that plaintiffs previously failed to file the amended complaint by the imposed deadline. However, the record fails to reveal, and the court failed to find, that the failures on the part of plaintiffs' counsel were a deliberate and contumacious disregard for the court's authority.

¶ 20     The record reveals that plaintiffs' counsel attempted to file the amended complaint two days after the imposed deadline, but the pleading was rejected. Defendants do not allege, and cannot show, that the late filing of the amended complaint resulted in prejudice. Regarding counsel's failure to file a timely response in opposition to the motion to dismiss, counsel initially stated that she was unaware of the briefing schedule. Counsel attempted to file a response to defendants' motion to dismiss immediately after she received defendants' "reply." Counsel did so by submitting an email with two attached cases. Counsel later indicated that she was dealing with personal matters during that time, including "dealing with a family friend passing as a result of bladder cancer." Counsel explained that she did not initially disclose the personal matter at the request of the family friend. Counsel indicated that she would have advised the circuit court of the personal matter had the court provided her the opportunity at a hearing. While this court acknowledges plaintiffs' counsel's failures in the present case, it is clear from the record that counsel did not deliberately disregard the circuit court's orders.

9

¶ 21 Moreover, the present case does not involve numerous violations of court orders over the course of the litigation. See *Sander*, 166 Ill. 2d at 69 (dismissal warranted where the plaintiffs, during the final five months of litigation, violated four separate court orders setting deadlines for filing an amended complaint, failed to reply to the defendants' motion for a protective order, and repleaded matters in the amended complaints that were previously stricken by the circuit court); *Koppel v. Michael*, 374 Ill. App. 3d 998, 1004 (2007) (sanction of default upheld against the defendants who "had been subject to 12 orders regarding their discovery noncompliance"). The circuit court's dismissal with prejudice was the first sanction imposed in the present case. In our view, the court's dismissal was disproportionate to the failures of plaintiffs' counsel and was an unjust sanction. "A lesser sanction would have been effective and yet adhered to Illinois' policy of resolving disputes on their merits." *Gonzalez v. Nissan North America, Inc.*, 369 Ill. App. 3d 460, 471 (2006). Therefore, we conclude that the circuit court abused its discretion by dismissing counts I and III of the complaint and by denying plaintiffs' motions to reconsider and vacate the dismissal.

¶ 22                                    III. CONCLUSION

¶ 23 For the foregoing reasons, we reverse the dismissal order and remand the cause for further proceedings.


¶ 24 Reversed and remanded.

10