No. 1-10-0796 (consolidated with No. 1-10-0780)

SECOND DIVISION
DECEMBER 21, 2010

| | | |
|---|---|---|
| ROGASCIANO SANTIAGO, a/k/a Juan Ortiz, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 08 L 5175 |
| | ) | |
| E.W. BLISS COMPANY, TRIAD CONTROLS, | ) | Honorable |
| INC., HERION USA, INC., PRESS | ) | Ronald S. Davis, |
| AUTOMATION, INC., UNIQUE MACHINE | ) | Judge Presiding |
| REPAIR, KAMCO CONTROLS, and ROSS | ) | |
| CONTROLS, | ) | |
| | ) | |
| Defendants-Appellants. | ) | |

JUSTICE CONNORS delivered the judgment of the court, with opinion.
Presiding Justice Cunningham and Justice Karnezis concur in the judgment and opinion.

**OPINION**

This consolidated appeal presents the following certified question: When an injured plaintiff intentionally files a complaint using a fictitious name, without leave of court to use the fictitious name pursuant to section 2-401 of the Code of Civil Procedure (735 ILCS 5/2-401 (West 2008)), then subsequent to the expiration of the statute of limitations, files an amended complaint with the correct plaintiff's name, should the court dismiss the cause with prejudice on the motion of a defendant as a sanction or because the limitations period has expired and the amended complaint does not relate back to the initial filing? For the reasons that follow, we answer the first part of the certified question in the affirmative with qualifications, and the second part in the affirmative.

No. 1-10-0796 (consolidated with No. 1-10-0780)

## I. BACKGROUND

We limit our recitation of the facts of this case to only those facts that are relevant to our answer to the certified question. On May 12, 2006, plaintiff was injured while working with a punch press. Components of the machine were manufactured by defendants, and on May 9, 2008, plaintiff filed a product-liability complaint against defendants in the circuit court of Cook County. The initial complaint identified plaintiff as "Juan Ortiz," and it did not indicate whether he had ever been known by any other name. Plaintiff filed his first amended complaint on November 4, 2008, naming additional defendants that had been identified during discovery. The first amended complaint also named "Juan Ortiz" as the sole plaintiff.

During written discovery, plaintiff received at least three sets of interrogatories from various defendants. Among other information, each set of interrogatories asked plaintiff to disclose personal identification information, including his name, work history, and social security number. Plaintiff answered the interrogatories on February 25, 2009, identifying himself as "Juan Ortiz." As required by section 1-109 of the Code of Civil Procedure (735 ILCS 5/1-109 (West 2008)), plaintiff signed and verified each interrogatory with the signature "Juan Ortiz."

Defendants deposed plaintiff on May 19, 2009. When defendants asked plaintiff to state his full name, however, plaintiff responded that his name was Rogasciano Santiago, not Juan Ortiz. This was the first time during the course of litigation that plaintiff had used this name, and defendants had not previously been aware that plaintiff's true name was not Juan Ortiz. The record does not disclose whether plaintiff's attorney was aware of plaintiff's true name.

No. 1-10-0796 (consolidated with No. 1-10-0780)

Plaintiff revealed during his deposition that he had held a number of different jobs over the years under both his assumed name and his real name. When using the false name Juan Ortiz, plaintiff had also used a false birth date. Plaintiff testified that he had obtained a state identification card in the false name Juan Ortiz, but also that he had held a driving permit in his true name. On advice of counsel, plaintiff did not disclose whether he had ever used a false social security number or filed taxes under his false name.

Plaintiff attempted to remedy this situation on May 26, 2009, and June 2, 2009, by asking leave of court to file a second amended complaint that would reflect plaintiff's true name. Over defendants' objections, the circuit court allowed plaintiff to file his second amended complaint on September 18, 2009, which substituted the name Rogasciano Santiago for the name Juan Ortiz throughout the complaint but remained the same as the previous complaints in all other respects.

Defendants then moved to dismiss the complaint on numerous grounds, including sections 2-619(a)(5) and 2-619(a)(9) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(5), (a)(9) (West 2008)), and Illinois Supreme Court Rule 219(c) (eff. July 1, 2002). Defendants primarily argued that plaintiff had committed a fraud on the court and that the complaint should be dismissed with prejudice as a sanction or, alternatively, that plaintiff's original complaint was null and void as a matter of law and that the second complaint did not relate back and was therefore barred by the statute of limitations. After extensive briefing by the parties and oral argument before the circuit court, the circuit court denied defendants' motion to dismiss on February 24, 2010.

3

No. 1-10-0796 (consolidated with No. 1-10-0780)

However, the circuit court observed *sua sponte* that Illinois courts have not considered this issue before and that there is no controlling precedent that the circuit court could consult for guidance. With the input of the parties, the circuit court certified the instant question pursuant to Illinois Supreme Court Rule 308 (eff. Feb. 1, 1994). Defendants timely filed petitions for leave to appeal, which we consolidated and granted on May 11, 2010.

## II. ANALYSIS

The effect of intentionally filing a complaint using a false name without court authorization is a question of first impression in Illinois. The certified question presents two separate issues that we will consider in turn, namely, whether a complaint filed in such a manner should be dismissed with prejudice either (1) as a sanction, or (2) due to the statute of limitations and the doctrine of relation back. We review questions of law in an appeal pursuant to Supreme Court Rule 308 *de novo*. See *Eads v. Heritage Enterprises, Inc.*, 204 Ill. 2d 92, 96 (2003).

### A. Sanctions

The first issue that the certified question presents is whether the complaint should be dismissed with prejudice as a sanction. In order to properly address this issue, we must resolve several questions. First, under what authority can the circuit court sanction a plaintiff for intentionally filing a complaint using a false name without court authorization? Second, is dismissal with prejudice the necessary remedy in such a situation? Finally, if dismissal with prejudice is not mandatory, is it an appropriate remedy?

#### 1. Basis of sanction authority

We first consider whether plaintiff's action is subject to sanctions. The certified question

4

No. 1-10-0796 (consolidated with No. 1-10-0780)

asks about sanctions in general, rather than in response to a specific rule violation. We therefore read the certified question as asking whether plaintiff's action is sanctionable under any theory. We perceive three potential bases for the circuit court's authority to sanction plaintiff's action in this case: (1) the contempt power, (1) supreme court rules, and (3) the circuit court's inherent power to control its docket.

The fundamental method for imposing sanctions is through the circuit court's inherent contempt power, which may be employed by a court "to enforce its orders and preserve its dignity." *People v. Warren*, 173 Ill. 2d 348, 368 (1996). Contempt is usually described as either "civil" or "criminal," but contempt proceedings "are, strictly speaking, neither. They may best be described as *sui generis*, and may partake of the features of either." *Id.* As our supreme court has summarized, "civil contempt occurs when the contemnor fails to do that which the court has ordered, whereas criminal contempt consists of doing that which has been prohibited." *Id.* at 369.

The type of action presented in the instant case does not warrant the use of the contempt power. Civil contempt proceedings are designed to compel obedience to a court order. See *Felzak v. Hruby*, 226 Ill. 2d 382, 391 (2007). However, in the case at bar there is no specific order of the circuit court that the plaintiff failed to comply with. Moreover, a valid contempt order must contain a purge provision, which lifts the sanction when the contemnor complies with the order. See *id.* The certified question contemplates dismissing the complaint with prejudice, which is necessarily antithetical to the concept of a purge condition. Plaintiff's action therefore cannot be addressed through civil contempt proceedings.

5

No. 1-10-0796 (consolidated with No. 1-10-0780)

Neither do we believe that plaintiff's action can be addressed by criminal contempt proceedings. Criminal contempt is designed to punish a contemnor for "conduct which is designed to embarrass, hinder or obstruct a court in its administration of justice or derogate from its authority or dignity, thereby bringing the administration of law into disrepute. [Citations]." (Internal quotation marks omitted.) *People v. Simac*, 161 Ill. 2d 297, 305 (1994). However, both our supreme court and the U.S. Supreme Court have cautioned that "the exercise of such power is 'a delicate one, and care is needed to avoid arbitrary or oppressive conclusions.' " *Simac*, 161 Ill. 2d at 305, quoting *Cooke v. United States*, 267 U.S. 517, 539 (1925).

There is no evidence in this case that plaintiff intended to subvert the court's authority or the administration of justice. Although the certified question states that plaintiff intentionally filed his complaint under a false name, we do not find that this alone is sufficient to invoke the contempt power. Very few cases deal with the question of whether a plaintiff can be held in criminal contempt for merely filing a lawsuit, but we find the case of *People v. Campbell*, 123 Ill. App. 3d 103 (1984), to be instructive on this point. In *Campbell*, the defendant, while on trial for rape, filed a civil lawsuit against the prosecutor and the complaining witness, alleging that the charges against him were brought solely for the purpose of harassment and in order to cover up the alleged adultery of the complaining witness. See *id.* at 105. The appellate court affirmed defendant's criminal contempt conviction, which was based on evidence that he had filed his civil lawsuit in order to interfere with the jury in his pending criminal case and to intimidate the prosecutor and the complaining witness. See *id.* at 109-10.

Unlike *Campbell*, there is no evidence in the record that plaintiff filed his lawsuit solely

6

in order to subvert the authority of the court or to obstruct justice. Indeed, the parties in this appeal do not dispute the fact that plaintiff was injured. Rather, defendants take issue with the manner in which plaintiff went about pursuing his cause of action, and they do not question the action itself. Unlike in *Campbell*, there is no basis for the use of the criminal contempt power on the facts of this case.

We caution, however, that there may be some instances where the use of the contempt power may be used in response to the intentional filing of a complaint in a false name. Based on the situation presented by the certified question, we hold only that the mere fact, standing alone, that a plaintiff intentionally filed a complaint under a false name without court authorization is insufficient to invoke the contempt power.

The contempt power is not the only basis for imposing sanctions, however. In addition to the contempt power, the circuit court derives authority to impose sanctions through statutes and supreme court rules. Illinois law does not contain a single standard for sanctions. Instead, the behavior of parties is governed by general requirements for all matters before the court, as well as special requirements for different stages of litigation or causes of action. See, *e.g.,* Ill. S. Ct. R. 137 (eff. Feb. 1, 1994) (general requirements for all pleadings and motions); Ill. S. Ct. R. 219 (eff. July 1, 2002) (special standards for discovery); 735 ILCS 5/2-622 (West 2008) (special standards for pleading healing art malpractice claim). Violation of the relevant standards of behavior under which a particular action falls authorizes the circuit court, either *sua sponte* or on motion of the opposing party, to impose a sanction on the offending party. The sanction imposed may range in severity anywhere from requiring the offending party to pay the attorney

No. 1-10-0796 (consolidated with No. 1-10-0780)

fees of the other party (see, *e.g.*, Ill. S. Ct. R. 137 (eff. Feb 1, 1994)), up to and including

dismissal of the offending party's cause of action with prejudice (see, *e.g.*, Ill. S. Ct. R. 219(c)(v)

(eff. July 1, 2002)).

Intentionally filing a complaint under a false name potentially violates several rules and

statutes, which fall under the umbrella of two supreme court rules. The first umbrella rule is

Supreme Court Rule 137, which states that the signature of an attorney or party on any pleading

or other court document constitutes a certification by the signatory that "he has read the

pleading, motion or other paper [and] that to the best of his knowledge, information, and belief

formed after reasonable inquiry it is well grounded in fact and is warranted by existing law." Ill.

S. Ct. R. 137 (eff. Feb. 1, 1994). Rule 137 imposes "an affirmative duty to conduct an inquiry of

the facts and law prior to filing an action, pleading, or other paper. The standard for evaluating

conduct is one of reasonableness under the circumstances existing at the time of filing." *Couri v.*

*Korn*, 202 Ill. App. 3d 848, 855 (1990), citing Ill. S. Ct. R. 137 (eff. Feb. 1, 1994). The record

shows that the circuit court could find that plaintiff's complaint was neither well grounded in fact

nor warranted by law because of his use of a false name.

The record before us indicates that plaintiff was aware that his real name was not Juan

Ortiz when he filed his complaint, but it does not indicate whether or not his attorney was aware

of this fact or, if he was not, whether it could have been discovered by a reasonable inquiry.

This is a finding of fact that is best left to the circuit court. For purposes of answering the

certified question, we observe that a circuit court could find that plaintiff's attorney violated Rule

137. If the circuit court finds that plaintiff's counsel knew that plaintiff's true name was not Juan

8

Ortiz yet filed the complaint anyway, this could be construed as a violation of Rule 137's mandate that a complaint be warranted by existing facts. Alternatively, the circuit court could find that plaintiff's counsel failed to reasonably investigate the underlying facts of the case, which is also a violation of Rule 137. Indeed, whether a plaintiff has ever gone by another name is such a basic question that our supreme court rules provide sample interrogatories on that point. See, *e.g.*, Ill. S. Ct. R. 213, Standard Interrogatories Under Supreme Court Rule 213(j): Medical Malpractice Interrogatories to Plaintiff (eff. June 2, 2005). If the circuit court finds that plaintiff's counsel violated Rule 137, then sanctions may be imposed on plaintiff's counsel or plaintiff himself. See Ill. S. Ct. R. 137 (noting that the court "may impose upon the person who signed it, a represented party, or both, an appropriate sanction").

Additionally, section 2-401 of the Code of Civil Procedure mandates, "A party shall set forth in the body of his or her pleading the names of all parties for and against whom relief is sought ***." 735 ILCS 5/2-401(c) (West 2008). Plaintiff violated this provision by filing his complaint under the false name Juan Ortiz, rather than his true name Rogasciano Santiago. Although there are situations in which a plaintiff may proceed under a fictitious name, Illinois law is clear that "[t]he privilege of suing or defending under pseudonyms should not be assumed or granted automatically even if an opposing party does not object. The use of pseudonyms is disfavored, and the judge has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in courts." *A.P. v. M.E.E.*, 354 Ill. App. 3d 989, 1002-03 (2004). The legislature has enacted a specific procedure for proceeding under a fictitious name, which plaintiff has not complied with. See 735 ILCS

No. 1-10-0796 (consolidated with No. 1-10-0780)

5/2-401(e) (West 2008) ("Upon application and for good cause shown the parties may appear under fictitious names.").

If the circuit court finds that plaintiff failed to comply with the requirements of section 2-401(e), then plaintiff had no right to file either his original complaint or his first amended complaint under anything but his true name. If the circuit court further finds that the complaint was not filed in plaintiff's true name, then the complaint did not comply with section 2-401(b), which in turn means that the complaint was filed in violation of Rule 137 because it was not warranted by existing law.

The second umbrella rule is Illinois Supreme Court Rule 213 (eff. Jan. 1, 2007), which requires that, in response to written interrogatories, a party must respond by "a sworn answer or an objection to each interrogatory." Sworn answers are ordinarily certified pursuant to section 1-109 of the Code of Civil Procedure, which allows verification by certification of any pleading or other document. See 735 ILCS 5/1-109 (West 2008). By signing a document pursuant to this section, the signatory certifies under penalty of perjury that "the statements set forth in this instrument are true and correct." 735 ILCS 5/1-109 (West 2008). In this case, plaintiff certified at least three sets of interrogatory answers in which he stated that his name was Juan Ortiz. Moreover, plaintiff signed those same interrogatories using his false name. There is no question here that plaintiff was fully aware that his real name was not Juan Ortiz. By certifying a false statement to the contrary, he not only violated section 1-109 and Rule 213, but arguably committed perjury as well, a Class 3 felony. See 735 ILCS 5/1-109 (West 2008). If the circuit court finds that plaintiff violated Rule 213, it may impose sanctions under Rule 219. See Ill. S.

10

Ct. R. 219 (eff. July 1, 2002) (governing sanctions for discovery violations).

The last basis that we perceive for the circuit court's ability to impose sanctions is its inherent authority to control its docket. This power is rarely discussed, but it is a crucial method for the circuit court to "prevent undue delays in the disposition of cases caused by abuses of the litigation process." *J.S.A. v. M.H.*, 224 Ill. 2d 182, 196 (2007). The most common example of this power in action is dismissal of a complaint for want of prosecution. See *Bejda v. SGL Industries, Inc.*, 82 Ill. 2d 322, 329 (1980). Our supreme court has unequivocally held that the circuit court holds the inherent authority, independent of any other rule or statute, "to dismiss a cause of action with prejudice for failure to comply with court orders where the record shows deliberate and continuing disregard for the court's authority." *Sander v. Dow Chemical Co.*, 166 Ill. 2d 48, 67 (1995). In this situation, the circuit court has relatively broad inherent authority to sanction plaintiff if it finds that plaintiff's actions demonstrated deliberate and continuing disregard for its authority.

Based on the above discussion, we find that there are at least three bases for imposing sanctions when a plaintiff intentionally files a complaint under a false name. The circuit court may impose sanctions under Rule 137, Rule 219, or its inherent power to control its docket. Of course, in order to invoke its sanctions authority under any of these theories, the circuit court must also make the factual findings that each basis requires and state its reasons for imposing the sanction. See, *e.g.*, Ill. S. Ct. R. 137 (eff. Feb. 1, 1994) ("Where a sanction is imposed under this rule, the judge shall set forth with specificity the reasons and basis of any sanction so imposed ***").

11

No. 1-10-0796 (consolidated with No. 1-10-0780)

## 2. Mandatory sanctions

We now consider whether dismissal of the complaint with prejudice, which is the specific sanction presented by the certified question, is mandatory when a plaintiff intentionally files a complaint under a false name.

Rule 137 contains a sanctions provision, which states, "If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney fee." Ill. S. Ct. R. 137 (eff. Feb1, 1994). Sanctions for the violation of Rule 213 are governed by Rule 219(c), which states that "the court, on motion, may enter, in addition to remedies elsewhere specifically provided, such orders as are just." Ill. S. Ct. R. 219(c) (eff. July 1, 2002). Rule 219(c)(v) specifically authorizes dismissal with prejudice of a complaint as a sanction for violation of discovery rules, which include Rule 213. Finally, the court's inherent power to control its docket includes the power to dismiss a case with prejudice as a sanction. See *Sander*, 166 Ill. 2d at 67. The circuit court accordingly has the authority to dismiss the complaint with prejudice under any of the three theories that we have identified. The question therefore becomes whether dismissal with prejudice is mandatory or merely optional in this specific factual situation.

The plain language of the rules indicates that the decision to impose or not to impose sanctions is entirely within the sound discretion of the circuit court, and case law confirms this

12

No. 1-10-0796 (consolidated with No. 1-10-0780)

interpretation. Indeed, we ordinarily review a circuit court's sanctions decision for an abuse of discretion only, and the circuit court's decision "is 'afforded considerable deference' on appeal." *Gonzalez v. Nissan North America, Inc.*, 369 Ill. App. 3d 460, 463 (2006), quoting *Technology Innovation Center, Inc. v. Advanced Multiuser Technologies Corp.*, 315 Ill. App. 3d 238, 244 (2000). Although a circuit court does have broad discretion in deciding whether or not to impose sanctions, there are circumstances in which the decision *not* to impose sanctions is itself an abuse of discretion. See, *e.g.*, *Sterdjevich v. RMK Management Corp.*, 343 Ill. App. 3d 1, 21-22 (2003) (mandating Rule 137 sanctions for knowingly filing a factually unsupportable complaint).

Defendants argue that plaintiff's action in this case mandates not only some sanction but the sanction of dismissal of the complaint with prejudice. There are no cases factually on point in Illinois, but there are a number of cases in other jurisdictions that deal with similar situations to this one. See, *e.g.*, *Dotson v. Bravo*, 321 F.3d 663 (7th Cir. 2003); *Zocaras v. Castro*, 465 F.3d 479 (11th Cir. 2006), *cert. denied*, 549 U.S. 1228 (2007). We find that the reasoning of *Dotson* is the most useful for our current analysis.

In *Dotson*, the plaintiff had previously been arrested and twice convicted under an assumed name. See *Dotson*, 321 F.3d at 665. Following his acquittal on a third set of criminal charges, the plaintiff filed a civil rights action under his false name, and he used his false name during written discovery as well as during a deposition in another case. See *id.* at 666. The plaintiff did not reveal his real identity until he was compelled to answer interrogatories under oath. See *id.* When the plaintiff's true identity was uncovered, the defendant filed a motion to dismiss the case as a sanction, which the circuit court granted. See *id.*

13

No. 1-10-0796 (consolidated with No. 1-10-0780)

The Seventh Circuit affirmed on appeal, finding that the circuit court did not abuse its discretion in dismissing the case with prejudice. The Seventh Circuit's analysis focused on the plaintiff's violation of the federal equivalents of Rules 213 and 219, section 2-401 of the Code of Civil Procedure (735 ILCS 5/2-201 (West 2008)), and the district court's power to control its docket. See *Dotson*, 321 F.3d at 667-68 & n.4. The Seventh Circuit acknowledged that "dismissal is a harsh sanction," but "[f]iling a case under a false name deliberately, and without sufficient justification, certainly qualifies as flagrant contempt for the judicial process and amounts to behavior that transcends the interests of the parties in the underlying action. The instant case represents precisely the situation where one party's conduct so violates the judicial process that imposition of a harsh penalty is appropriate not only to reprimand the offender, but also to deter future parties from trampling upon the integrity of the court." *Id.* at 667-68.

We agree with the Seventh Circuit's characterization of filing a complaint under a false name as an egregious offense, but we do not agree with defendants' reading of the cases. Although defendant argues that the strong language employed by the Seventh Circuit in *Dotson* indicates that dismissal is the necessary remedy for plaintiff's action here, we do not believe that *Dotson* stands for this proposition. Rather, the Seventh Circuit held in *Dotson* merely that the circuit court did not abuse its discretion by dismissing the case as a sanction. See *id.* at 669. Despite *Dotson*'s extensive *dicta* excoriating the plaintiff's willful concealment of his true identity, nowhere does the Seventh Circuit hold that dismissal is mandatory in this type of situation. Instead, the Seventh Circuit noted that many elements, including the prejudice to the defendants and the severity of the plaintiff's conduct, were factors that supported the circuit

14

No. 1-10-0796 (consolidated with No. 1-10-0780)

court's decision. The Eleventh Circuit employed substantially the same analysis in a similar case. See *Zocaras*, 465 F.3d at 483-85 (affirming dismissal with prejudice as a sanction where the plaintiff did not disclose his true identity until after trial began).

Our review of analogous cases and their reasoning persuades us that dismissal with prejudice is not a mandatory sanction in all instances in which a plaintiff intentionally files a complaint under a false name. It may, however, be an appropriate sanction, and whether to impose such a sanction is within the sound discretion of the circuit court.

### 3. Appropriate sanctions

The final issue that we must consider is whether dismissal with prejudice is an appropriate sanction for intentionally filing a complaint under a false name. Our supreme court has cautioned that "[d]ismissal of a cause of action or sanctions which result in a default judgment are drastic sanctions and should only be employed when it appears that all other enforcement efforts *** have failed to advance the litigation." *Sander*, 166 Ill. 2d at 67-68. Illinois courts employ a two-part test in order to determine whether dismissal with prejudice is justified. First, the court must find that the sanctioned party "has shown a 'deliberate and contumacious disregard for the court's authority.' " *Gonzalez v. Nissan North America, Inc.*, 369 Ill. App. 3d 460, 465 (2006), citing *Sander*, 166 Ill. 2d at 68. Second, all other enforcement measures must be inadequate. See *Gonzalez*, 369 Ill. App. 3d at 465, citing *Sander*, 166 Ill. 2d at 67.

The certified question in this case assumes that the first part of the test is satisfied because plaintiff intentionally filed his complaint under a false name. Even without the

15

No. 1-10-0796 (consolidated with No. 1-10-0780)

assumption, there are sufficient facts in the record to support a finding by the circuit court that plaintiff deliberately disregarded court rules multiple times. Plaintiff was well aware at the time that he filed his complaint that his name was not Juan Ortiz, yet he not only filed his complaint under a false name twice, in violation of several rules and statutes, but he also answered and signed three sets of sworn interrogatories using his false name. Plaintiff did not reveal his true name until he was orally deposed under oath. At no point in the year and a half between filing the original complaint and his deposition did plaintiff attempt to correct the problem. There is no evidence in the record that plaintiff's conduct was anything but intentional. Such conduct displays a flagrant disregard for rules of court and Illinois law, and plaintiff's motivation for doing so is irrelevant to determining whether he has willfully disregarded rules of court. The first prong of the test is therefore satisfied.

The second prong requires a deeper consideration of the specific facts of a case in order to determine whether a lesser sanction than dismissal with prejudice is sufficient. " 'The determination of an appropriate sanction is circumstance specific.' [Citation.] 'Consequently, the review of such an order must necessarily focus on the particular behavior of the offending party that gave rise to the sanction and the effects that behavior had upon the adverse party.' " *Gonzalez*, 369 Ill. App. 3d at 465, quoting *Smith v. City of Chicago*, 299 Ill. App. 3d 1048, 1052 (1998). Additionally, "the trial judge must weigh the competing interests of the parties' rights to maintain a lawsuit against the necessity to accomplish the objectives of discovery and promote the unimpeded flow of litigation." *Sander*, 166 Ill. 2d at 68. Finally, "[t]he trial judge must consider the importance of maintaining the integrity of our court system." *Id.*

16

No. 1-10-0796 (consolidated with No. 1-10-0780)

Our review of the above cases reveals at least five relevant factors that the circuit court may wish to consider when deciding whether to impose the sanction of dismissal with prejudice. First, what court rules has the plaintiff violated, and under what circumstances? See *Gonzalez*, 369 Ill. App. 3d at 465. Second, has the plaintiff's action prejudiced the defendant? See *id*. Third, will a lesser sanction cure the prejudice and allow the action to be heard on the merits? See *Sander*, 166 Ill. 2d at 68. Fourth, will a lesser sanction deter future violations by the plaintiff? See *id*. Fifth, will a lesser sanction adequately protect the integrity of the court system? See *id.* We stress that these factors are by no means an exhaustive list of those that may be considered by the circuit court, as every motion for sanctions must be decided based on the facts and circumstances present in that particular case. See *Gonzalez*, 369 Ill. App. 3d at 465.

We have already discussed plaintiff's various violations of court rules and statutes, and we therefore turn directly to the second factor. At oral arguments before the circuit court on their motion to dismiss, defendants suggested several ways in which they have been prejudiced by plaintiff's concealment of his true identity. For example, defendants suggested that witnesses who may have been available when the complaint was filed cannot now be located, or that employment or medical records in plaintiff's true name may have been destroyed between the time plaintiff filed the complaint and his deposition. We note, however, that there is no indication in the record that any of these things has actually occurred. The circuit court did not hold an evidentiary hearing related to the prejudice question, and it made no findings on the record  whether defendants have suffered actual prejudice due to plaintiff's action. We take no

17

No. 1-10-0796 (consolidated with No. 1-10-0780)

position on defendants' claims of prejudice, but instead observe only that the extent of prejudice to a defendant is one factor that the circuit court must consider when determining whether dismissal with prejudice is warranted.

The lack of findings of prejudice in the record is unfortunate because it hampers our ability to discuss the third factor, that is, whether a lesser sanction can cure the prejudice. Indeed, whether the prejudice to defendants can be cured at all is crucial to determining whether dismissal with prejudice is appropriate in this case. If material information or witnesses are now unavailable because of plaintiff's delay in disclosing his true identity, then a trial on the merits of his claims may very well be impossible and dismissal with prejudice would be an appropriately severe sanction. See *Buehler v. Whalen*, 70 Ill. 2d 51, 67 (1977) ("Our discovery procedures are meaningless unless a violation entails a penalty proportionate to the gravity of the violation. Discovery for all parties will not be effective unless trial courts do not countenance violations, and unhesitatingly impose sanctions proportionate to the circumstances.").

The record is also somewhat limited regarding whether lesser sanctions will be sufficient to deter this particular plaintiff from further rule violations. In plaintiff's favor is the fact that he moved to file a corrected second amended complaint immediately after his true identity was revealed at his deposition. However, this action may be more properly attributed to the belated diligence of plaintiff's counsel rather than plaintiff himself. Additionally, it speaks only to plaintiff's desire to comply with a court rule when he is caught violating it. We cannot overlook the fact that plaintiff did not attempt to remedy the problem until after his deposition, which occurred well into the discovery phase of litigation. Indeed, plaintiff exacerbated his offense by

18

filing multiple false documents with the court during the pleading stage, as well as by falsely answering interrogatories during discovery. Such a lengthy period of intentional deception, which was only remedied when plaintiff was deposed under oath, indicates that plaintiff may not be inclined to abide by court rules in the future if this case is allowed to proceed.

The fifth factor is perhaps the most important on the facts of this case. Plaintiff's repeated and long-standing violations of court rules are an affront to the integrity of the judicial system. We are especially disturbed by plaintiff's deliberate use of a false name in his complaint and first amended complaint. As the Eleventh Circuit colorfully commented in similar circumstances, "a pleading founded on a lie is like a kick in the gut." *Zocaras*, 465 F.3d at 481. The Seventh Circuit similarly observed that such behavior "qualifies as flagrant contempt for the judicial process and amounts to behavior that transcends the interests of the parties in the underlying action." *Dotson*, 321 F.3d at 668. We agree. In addition to later willfully failing to properly disclose his true identity in discovery, plaintiff's very first filing in the circuit court contained a fundamental lie. This is inexcusable, especially where Illinois law has created a statutory procedure for litigants to proceed under assumed names. See 735 ILCS 5/2-401(e) (West 2008). Although it is true that dismissal with prejudice is the harshest of sanctions, it is also sometimes necessary to "deter future parties from trampling on the integrity of the court." *Dotson*, 321 F.3d at 668. Plaintiff's action in this case falls within this category of offenses against the integrity of the judicial system.

In light of the above discussion and having thoroughly considered the relevant case law, we answer the first part of the certified question in the affirmative, with certain qualifications.

No. 1-10-0796 (consolidated with No. 1-10-0780)

We hold that, when an injured plaintiff intentionally files a complaint using a fictitious name, without leave of court to use the fictitious name pursuant to section 2-401 of the Code of Civil Procedure (735 ILCS 5/2-401 (West 2008)), the circuit court may, in its sound discretion, dismiss the complaint with prejudice as a sanction. In deciding whether or not to impose such a sanction, the circuit court may consider (1) which rules of court the plaintiff has violated and under what circumstances; (2) whether the defendant has been prejudiced; (3) whether a lesser sanction is sufficient to cure the prejudice; (4) whether a lesser sanction is sufficient to deter the plaintiff from future violations; and (5) whether a lesser sanction will adequately protect the integrity of the judicial system, as well as any other factors that may be relevant based on the facts and circumstances of that particular case.

### B. Statute of Limitations and Relation Back

The second issue that the certified question presents is whether the complaint should be dismissed because the statute of limitations has expired and the second amended complaint does not relate back to the original complaint.

In Illinois, a personal injury action must be commenced within two years after the date that the action accrues, which is usually the date of injury. See 735 ILCS 5/13-202 (West 2008). Amendments to pleadings are liberally allowed, but a new pleading may not be filed after the statute of limitations runs unless the new pleading "relates back" to the original pleading. See generally 735 ILCS 5/2-616 (West 2008). The relation-back doctrine is usually asserted where the amended pleading either adds new claims or defenses (735 ILCS 5/2-616(b) (West 2008)), or adds new defendants (735 ILCS 5/2-616(d) (West 2008)). In order for the doctrine to apply,

20

No. 1-10-0796 (consolidated with No. 1-10-0780)

therefore, the original complaint must have been timely filed and the amended complaint must comply with section 2-616.

The parties agree that the statute of limitations on plaintiff's cause of action ran on May 12, 2008, which was three days after the original complaint was filed. Plaintiff's second amended complaint is therefore time-barred and must be dismissed unless it relates back to the original complaint. This case is somewhat unusual because the second amended complaint contains the exact same cause of action and defendants as the original complaint, but the plaintiff is different. Courts have previously recognized that the relation-back doctrine may be used to add a coplaintiff to the complaint (see, *e.g*, *Cassidy v. Derek Bryant Insurance Brokers, Ltd.*, 244 Ill. App. 3d 1054, 1061 (1993)), or to change the capacity in which a plaintiff brings suit (see, *e.g., Pavlov v. Konwall*, 113 Ill. App. 3d 576 (1983); *Redmond v. Central Community Hospital*, 65 Ill. App. 3d 669 (1978)). We have not previously considered the question of whether a plaintiff who intentionally brings suit under a false name is covered by the doctrine.

We find that the relation-back doctrine does not apply in this situation because the original complaint was a nullity. It is well settled that "[a] suit brought in a name which is not that of a natural person, a corporation or of a partnership is a mere nullity; and, in such a case *** the whole action fails." *Alton Evening Telegraph v. Doak*, 11 Ill. App. 3d 381, 382 (1973). In this case, there is no question that "Juan Ortiz" is not the legal name of a natural person, and therefore any action commenced on behalf of Juan Ortiz is null and void.

Plaintiff attempts to save the original complaint by invoking the doctrine of misnomer, which prohibits dismissal of a cause of action solely on the ground that a pleading identifies a

21

No. 1-10-0796 (consolidated with No. 1-10-0780)

person or other entity by the wrong name. See 735 ILCS 5/2-401(b) (West 2008). Plaintiff argues that his original complaint was not null because Rogasciano Santiago is the same person as Juan Ortiz, with the same exact injuries and cause of action. Plaintiff argues that his complaint cannot be null because an actual plaintiff exists and defendants were fully aware of his identity, citing in support *Bristow v. Westmore Builders, Inc.*, 266 Ill. App. 3d 257, 261-62 (1994).

We disagree. Misnomer is "a *mistake* in name or the provision of an incorrect name to the person in accusation or pleading." (Emphasis added.) *Bristow*, 266 Ill. App. 3d at 260, citing Black's Law Dictionary 1000 (6th ed. 1990); accord *Todd W. Musburger, Ltd. v. Meier*, 394 Ill. App. 3d 781, 806 (2009). By definition, in order to invoke the doctrine of misnomer a plaintiff must have mistakenly used the wrong name in the complaint. The certified question accepts that plaintiff intentionally filed the complaint in the wrong name, which necessarily means that plaintiff did not make a mistake.

Moreover, we identified four points in *Musburger* that supported applying the doctrine of misnomer in that case: (1) all parties were "fully aware" of the identities of the parties to the case; (2) an actual plaintiff existed; (3) the defendant was aware that an actual plaintiff existed; and (4) the defendant was not prejudiced. See *Musburger*, 394 Ill. App. 3d at 807.

Only two of the factors that we identified in *Musburger* are present in this case: a real plaintiff does exist, and defendants were aware that a real plaintiff existed, albeit not under the name he brought suit in. Despite the fact that a real plaintiff exists, the absence of the first factor is fatal to plaintiff's argument. Both the certified question and the record are clear that plaintiff

22

did not accidentally style himself Juan Ortiz rather than Rogasciano Santiago in the complaint. Equally clear is that defendants were not aware that plaintiff had a fully functional alternative identity. Plaintiff used both his false name and his true name in a number of different jobs, creating completely separate work, medical, and financial histories. By failing to disclose both his true and false identities, plaintiff himself prevented defendants from becoming fully aware of his identity. The doctrine of misnomer is intended to prevent dismissal of a complaint due to an honest mistake by a plaintiff in naming the opposing party. See *id.* at 806. We do not believe that it is intended for use by a plaintiff who *intentionally* conceals his identity by filing suit under a false name, and plaintiff has not directed us to any authority to the contrary. Because plaintiff intentionally used a false name in the complaint, the doctrine of misnomer is not available to validate what is otherwise a null pleading.

Absent misnomer, plaintiff's original and first amended complaints were null and void because they were not filed in the name of a natural person. As a result, the first legally valid complaint that plaintiff filed was his second amended complaint. Because plaintiff's second amended complaint was filed more than two years after his cause of action accrued, it is time-barred by the statute of limitations. The doctrine of relation back is not available to plaintiff because there are no other legally valid pleadings to which his second amended complaint could relate back. Consequently, the second amended complaint must be dismissed with prejudice.

We therefore answer the second part of the certified question in the affirmative, and we hold that when an injured plaintiff intentionally files a complaint using a fictitious name, without leave of court to use the fictitious name pursuant to section 2-401 of the Code of Civil Procedure

No. 1-10-0796 (consolidated with No. 1-10-0780)

(735 ILCS 5/2-401 (West 2008)), then subsequent to the expiration of the statute of limitations, files an amended complaint with the correct plaintiff's name, the circuit court must dismiss the cause with prejudice on the motion of a defendant because the original complaint is a nullity, the limitations period has expired, and the amended complaint cannot relate back to the initial filing.

We note that our holding on this point is limited to the specific factual situation presented by the certified question, that is, to a situation in which a plaintiff intentionally files a complaint under a false name without leave of court. Our holding does not address any other situations in which a false name is used because such situations are outside the scope of the certified question and are not properly before us. We therefore express no opinion on those issues.

## III. CONCLUSION

As explained above, we answer the first part of the certified question in the affirmative with qualifications, and the second part in the affirmative. Because this appeal is framed as a certified question pursuant to Supreme Court Rule 308, we take no action on the underlying case but instead remand this cause to the circuit court for further proceedings that are consistent with this opinion.

Certified question answered; cause remanded.